UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| ROUSSELOT B.V._____Plaintiff(s),_____v._____ST PAUL BRANDS, INC., et al._____Defendant(s). | CASE NO:<br>8:19−cv−00458−DOC−ADS<br><br>**ORDER SETTING SCHEDULING CONFERENCE**<br><br>May 6, 2019 at 08:30 AM |

The parties are hereby ordered to appear before this Court for a Scheduling Conference on the above−listed date and time, pursuant to Federal Rule of Civil Procedure 16(b).

This Order sets out instructions that the parties must follow in preparing for the Scheduling Conference. For further guidance, consult the Federal Rules of Civil Procedure and the Local Rules.[1]

---

[1] The most recent version of the Local Rules is available on the Central District of California's website (www.cacd.uscourts.gov), under "Court Procedures."

−1−

## I. Initial Disclosures

Unless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, the Court encourages the parties to begin discovery before the Scheduling Conference. The parties shall comply fully with the letter and spirit of Rule 26(a) and thereby obtain and produce most of what would be produced in the early stages of discovery, because at the Scheduling Conference the Court will impose tight deadlines to complete discovery.

## II. Rule 26(f) Conference of Parties

Counsel shall confer pursuant to Federal Rule of Civil Procedure 26(f). This conference shall occur at least twenty–one (21) days before the Scheduling Conference set by the Court.

## III. Rule 26(f) Report

The parties shall file their Rule 26(f) report with the Court no later than fourteen (14) days prior to the Scheduling Conference set by the Court. **Counsel shall familiarize themselves with the Court's Initial Standing Order and Scheduling Order & Order Re: Pretrial and Trial Procedures so that the report will comport with this Court's standard deadlines and procedures.**[2]

The report shall contain the following:

(1) a short factual summary of the case and of claims and defenses;

(2) a short synopsis of the principal issues in the case;

(3) a statement of whether parties are likely to be added and whether the
 pleadings are likely to be amended;
   a. Counsel should note that the Court requires all motions to join
      other parties, including Doe or Roe defendants, or to amend the
      pleadings to be filed and served within sixty (60) days of the date
      of the Scheduling Order and noticed for hearing within ninety (90)

---

[2] All of Judge Carter's standing orders are available at Judge Carter's home page located under "Judges' Procedures and Schedules."

days of the Scheduling Order;

(4) a statement as to issues which any party believes may be determined by motion and a listing of then–contemplated law and motion matters;

(5) a statement of what settlement discussions have occurred (specifically excluding any statement of the terms discussed) and what settlement procedure is recommended, pursuant to Local Rules 16–15 through 16–15.9;

   a. Available settlement procedures include:

      i. appearance before a retired judicial officer or other private or non–profit dispute resolution body for settlement or mediation proceedings (if chosen, the particular mediator selected should be indicated);

      ii. appearance before a Mediator selected from the Court's Mediation Panel;

      iii. if one of the parties is a public entity, a settlement conference before the magistrate judge assigned to this case; or

      iv. such other settlement mechanism proposed by the parties and approved by the Court

(6) a discovery plan, which should set forth discovery phases, the order of discovery, and any limitations on discovery;

(7) a statement of whether trial will be by jury or to the Court and a realistic estimated length of trial (mindful that the Court generally conducts a **four (4) day timed jury trial**, where each side is given ten (10) hours, excluding jury selection, opening statement and closing argument);

(8) a statement of any other issues affecting the status or management of the case; and four **proposed, specific dates** as follows:

   a. a discovery cut–off date;

   b. a final motion cut–off date;

      i. The final motion cut–off date should be a **Monday** and will be the day on which all motions for summary judgment will be **heard**.

      ii. Counsel should note that motions will need to be filed several weeks in advance of this date as required by Local Rules 6 and 7.

      iii. Ordinarily the motion cut–off should be approximately six (6) to eight (8) weeks after the discovery cut–off to allow time for resolution of discovery motions and briefing of the motions for summary judgment.

  c. a date for the Final Pretrial Conference;

      i. The Final Pretrial Conference date should be a **Monday**.

      ii. Ordinarily the Final Pretrial Conference date should be approximately four (4) to six (6) weeks after the motion cut–off date to allow for adequate time between the Court's issuance of its order regarding motions for summary judgment and the deadlines for memoranda of contentions of law and fact and the final pretrial order; and

  d. a date for trial.

      i. The trial date should be a **Tuesday**.

After the parties have selected these dates, continuances are rarely granted due to the Court's heavy case load and in fairness to other litigants before the Court.

    Counsel for all parties participating in the conference should sign the report. A report that does not comply with Rule 26(f) and this Order may subject the party or parties responsible to sanctions under Local Rule 83–7.

**IV.  Scheduling Conference and Scheduling Order**

    The parties shall be represented at the Scheduling Conference by **lead counsel**. Under no circumstances should counsel, or a party if the party is appearing *pro se*, fail to appear at the scheduling conference unless the appearance has been waived by prior order of the Court. Even if a settlement has been reached, counsel for all

parties, or the party if appearing *pro se*, must appear at the scheduling conference unless a stipulation of dismissal signed by all parties has been lodged with the Court.

A continuance of the Scheduling Conference will be granted rarely and only for good cause and will not be granted if a continuance would result in the Scheduling Conference being set after the time limit for the Court to issue a Scheduling Order under Rule 16(b).

The Court usually issues Scheduling Orders pursuant to Rule 16(b) at or after the Scheduling Conference.

## V.   Notice of this Order

Plaintiff shall serve a copy of this Order on any as−yet unserved Defendants when Plaintiff serves the Complaint on them.

**IT IS SO ORDERED.**

Dated: April 8, 2019

*David O. Carter*
---
David O. Carter
United States District Judge

Revised: January 20, 2015