Paul E. Burns, Esq. (Bar No. 208731)
PROCOPIO, CORY, HARGREAVES &
   SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

*Special Master*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| Rousselot B.V., <br><br> Plaintiff, <br><br> v. <br><br> St. Paul Brands, Inc., et al. <br><br> Defendants. | Case No. 8:19-cv-00458-DOC-ADS <br><br> Judge: Hon. David O. Carter <br><br> **SPECIAL MASTER'S PROCEDURE ORDER NO. 1** |

    Pursuant to Fed R. Civ. P. 53(f)(5) and the Court's Order Appointing Special Master, dated June 5, 2019 ("the Special Master Order") [Dkt. #43], Special Master Paul E. Burns, Esq. hereby submits Special Master's Procedure Order No. 1.[1]

## **INTRODUCTION**

    Plaintiff Rousselot B.V. ("Rousselot") and the Defendants represented by Stetina Brunda Garred & Brucker ("Appearing Defendants") have been unable to stipulate to an ESI Order. Accordingly, Rousselot and the Appearing Defendants stipulated to submit letter briefs to the Special Master setting forth their respective positions applicable to an ESI Order that would be appropriate for the instant action,

---

[1] The acronym "ESI" as used herein refers to "electronically stored information" as defined in the Federal Rules of Civil Procedure.

and to abide by the decision of the Special Master in resolving their dispute regarding an ESI Order.  Pursuant to the Joint Stipulation Regarding Special Master's Briefing Schedule on Issue of ESI Order [Dkt. 50], the parties submitted their Opening Letter Briefs on June 19, 2019, followed by Responsive Letter Briefs on June 24, 2019.

Plaintiff opposes the Appearing Defendants' Proposed ESI Order, which appears to be derived from Magistrate Judge Spaeth's Model Stipulated Order Re: Discovery of Electronically Stored Information ("ESI").  Plaintiff asserts that "Defendants' ESI Order does not cover the most basic ESI protocols for collection and exchange of ESI."  *Plaintiff's Opening Letter Brief, dated June 19, 2019* ("*Plaintiff's Opening Brief*")*,* p. 2.  The parties' respective positions will be discussed more fully below.

## DISCUSSION

### A. The Parties' Dispute Regarding Forensic Copies

#### 1. The Parties' Contentions

Plaintiff contends that the ESI Order should "require Defendants to provide access to a third party vendor retained by the Plaintiff to make forensic copies of any device containing Defendants' ESI."  *Plaintiff's Opening Brief*, p. 3.  Plaintiff's only legal citation is to Fed. R. Civ. P. 34(a)(1)'s language permitting a "**requesting party or its representative to inspect, copy**,…(A) any designated documents or electronically stored information…."  *Plaintiff's Opening Brief*, p. 3, n. 2.  Plaintiff interprets this language as giving it the right to have its expert make forensic copies of the responding party's computer storage devices and other devices.

The Appearing Defendants contend that Plaintiff misapplies Fed. R. Civ. P. 34.  They cite to the Advisory Committee Notes as follows:

> "Inspection or testing of certain types of electronically stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy.  The addition of testing and sampling to Rule 34(a) with regard to documents

> and electronically stored information is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness resulting from inspecting or testing such systems."

*Appearing Defendants' Responsive Letter Brief*, dated June 24, 2019 ("*Defendants' Resp. Brief*"), p. 2, *citing* Fed. R. Civ. P. 34, Advisory Committee Notes (2006 Amendment). *See also In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003) ("Rule 34(a) does not give the requesting party the right to conduct the actual search.").

Plaintiff argues that (a) "Defendants have misapplied the case law," (b) "the relationship among the defendants is 'close,'" and (c) "the size of the Defendants supports forensic imaging." Plaintiff acknowledges, however, that *Ameriwood Industries, Inc. v. Lieberman*, 2006 U.S. Dist. LEXIS 93380, 2006 WL 3825291 (E.D. Mo. 2006) and *Brocade Communications Sys., Inc. v. A10 Networks, Inc.*, 2012 U.S. Dist. LEXIS 2846, 2012 WL 70428 (N.D. Cal. 2012) granted a request for forensic imaging because the responding party's production was deficient. *See Plaintiff's Responsive Brief*, p. 2. Plaintiff does not directly address *In re Premera Blue Cross Customer Security Breach Litigation*, 329 F.R.D. 656 (D. Ore. Feb. 6, 2019), which held that "[c]ourts have found good cause for the production and imaging of personal computers … when there is a 'close relationship between [the] plaintiff's claims and [the] computer equipment,' such as in a misappropriation of trade secrets claim." *Id*. at 669, *citing Ameriwood Indus.*, 2006 U.S. Dist. LEXIS 93380, 2006 WL 3825291 at *1 *and Brocade*, 2012 U.S. Dist. LEXIS 2846, 2012 WL 70428 at *2.

Plaintiff appears to suggest that this "close relationship" requirement is satisfied if the relationship among the defendants is close. *See Plaintiff's Responsive Brief*, p. 2. Plaintiff provides no authority showing that a close relationship among co-defendants is relevant to whether Plaintiff has good cause to obtain forensic

images.  Plaintiff also cites no authority supporting that "the size of the Defendants" is a determinative or even relevant factor on the issue of entitlement to forensic images.  *See Plaintiff's Responsive Brief*, p. 3-4.

## 2. Applicable Law

Fed. R. Civ. P. 34(b)(2)(B) provides that "[t]he responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection."  The Advisory Committee Notes to the 2015 Amendment to Fed. R. Civ. P. 34(b)(2)(B) provide as follows:

> "Rule 34(b)(2)(B) is further amended to reflect the common practice of producing copies of documents or electronically stored information rather than simply permitting inspection.  The response to the request must state that copies will be produced."

Fed. R. Civ. P. 34 Advisory Committee Notes (2006 Amendment).  *See also Moser v. Health Ins. Innovations, Inc.*, 2018 U.S. Dist. LEXIS 215901, 2018 WL 6735710 at *16 (S.D. Cal. Dec. 21, 2018) ("'Like the other discovery rules, Rule 34(a) allows the responding party to search his records to produce the required, relevant data.'"), *quoting In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003).

This Court has held that the "remedy of making an image of another party's server" is an "extraordinary" and "highly intrusive discovery procedure."  *See, e.g.*, *Bangkok Broad & T.V. Co. v. IPTV Corp.*, 2009 U.S. Dist. LEXIS 135775 at *7 (C.D. Cal. 2009), *citing John B. v. Goetz*, 531 F.3d 448, 460 (6th Cir. 2008) (appellate court rejected district court's forensic imaging order).  *See also Moser*, 2018 U.S. Dist. 21590; 2018 WL 6735710 *16 ("Forensic examination is generally regarded as a drastic step…"), *quoting Motorola Solutions, Inc. v. Hytera Communications Corp.*, 314 F.Supp.3d 931, 939 (N.D. Ill. 2018).

In *John B .v. Goetz*, the 6th Circuit noted that "mere skepticism that an opposing party has not produced is not sufficient to warrant drastic discovery measures."  *John B.*, 531 F.3d at 460.  However, a requesting party may be permitted to obtain forensic images "if there is a 'factual finding' …of 'improper conduct on

the part of the responding party' or intentional destruction of relevant electronic evidence." *John B.*, 531 F.3d at 460-61.  *See also Moser*, 2018 U.S. Dist. 21590; 2018 WL 6735710 *16-17.

It is instructive to examine other cases in which courts have been confronted with the question of whether to permit a requesting party to obtain forensic images from devices of the responding party.  For example, in *Henson v. Turn*, 2018 U.S. Dist. LEXIS 181037, 2018 WL 5281629 (N.D. Cal. October 22, 2018), plaintiffs alleged that defendant was placing "tracking beacons" in the form of lines of software code known as "cookies" on their mobile devices to collect information about users' web browsing and software app use without users' consent.  *Id*. at *3-4.  Defendant requested plaintiffs to produce either the devices or complete forensic images of the devices' memories.  *Id*. at *8-9.  Plaintiffs objected, asserting that production of forensic images would allow defendant access to their private text messages, emails, contacts, photographs and web browsing histories unrelated to defendant or the issues in the case, and "flies in the face of Rule 26(b)'s relevancy and proportionality requirements."  *Id*. at *9-10.  Defendant replied that "[i]t's hard to imagine a closer connection between plaintiffs' claims and their phones to justify allowing [defendant's] digital forensics experts to analyze them directly."  *Id*. at *9.  The court denied defendant's request on the grounds that it "threatens to sweep in documents and information that are not relevant to the issues in this case…."  *Id*. at 14, *citing John B.*, 531 F.3d 448, 457-58 ("noting that 'imaging of these computers and devices will result in the duplication of confidential and private information unrelated to the [] litigation'") *and Salazar v. Bocanegra*, 2012 U.S.Dist. LEXIS 196659, 2012 WL 12893938 at *2 (D.N.M. July 27, 2012) ("noting that forensic images, due to their broad nature, may include information irrelevant to the parties' claims or defenses").  *See also Sony BMG Music Entertainment v. Arellanes*, 2006 U.S.Dist. LEXIS 78399, 2006 WL 8201075 at *1 (E.D. Tex. Oct. 27, 2006).  The *Henson* court also applied the rule of proportionality incorporated into the 2015

amendments to Fed. R. Civ. P. 26(b), ruling that production of forensic images was disproportional to the needs of the case. *Henson*, 2018 U.S. Dist. LEXIS 181037, 2018 WL 5281629 at *15. The court explained that "privacy interests can be a consideration in evaluating proportionality, particularly in the context of a request to inspect personal electronic devices." *Id.*, *citing Tingle v. Hebert*, 2018 U.S. Dist. LEXIS 60301, 2018 WL 1726667, at *7-8 (M.D. La. Apr. 10 2018) ("finding that 'Defendants have also made no showing that the requested forensic examination of Plaintiff's personal cell phone and personal email accounts are proportional to the needs of the case' and holding that '"[t]he utility of permitting a forensic examination of personal cell phones must be weighed against inherent privacy concerns."'").

In *Calyon v. Mizuho Sec. USA Inc.*, 2007 U.S. Dist. LEXIS 36961, 2007 WL 1468889 (S.D.N.Y. 2007), the defendants had created "'mirror images,' or exact copies, of the hard drives" of their computer storage devices to preserve them and to conduct ESI searches. *Id.* at *3-4. The court refused plaintiff's request to obtain and inspect the forensic images noting the absence of any allegation (a) that there had been a failure to produce responsive information, (b) that there had been "discrepancies or inconsistencies" in the responding parties' responses to discovery requests, (c) that relevant data had been lost, or (d) that the responding party was incapable or unwilling to produce relevant information. *Calyon*, 2007 U.S. Dist. LEXIS 36961, 2007 WL 1468889 at *16-17. However, the court directed defendants "to preserve the mirror images of all the computer hard drives and other storage devices in question," and ordered an e-discovery protocol in which (a) the defendants were directed to make its computer forensics expert accessible for consultation with plaintiff's expert so that defendants' expert could search the mirror images based on a search protocol agreed to by both parties, and (b) counsel and the experts were directed to confer on an on-going basis to determine if the search protocol would need refinement. *Id.* at *19-20. The court further ordered:

> "If, after the Individual Defendants' production of documents and data from those mirror images, Calyon can demonstrate that relevant and responsive information has been withheld or missing, or that the Individual Defendants' expert has failed to consult fully, in good faith, with Calyon's expert in order to develop an appropriate search protocol, then Calyon may renew its application for direct access to the mirror images."

*Id.* at *20. *See also United Factory Furniture Corp. v. Alterwitz*, 2012 U.S. Dist. LEXIS 48795, 2012 WL 1155741 (D. Nev. 2012) (court appointed "an outside expert to produce a mirror-image of defendants' computer and electronic devices" to be deposited with the district court clerk's office, and ruled that plaintiff may request access if it has reason to believe that spoliation of evidence occurred); *Satmodo, LLC v. Whenever Communications*, LLC, 2018 U.S. Dist. LEXIS 121873, 2018 WL 3495832 at *10 (S.D. Cal. July 20, 2018) ("[i]maging the device is also a means of preserving evidence 'since electronic evidence can easily be erased and manipulated, either intentionally or unintentionally (by overwriting through continued use of the computer).'").

### 3. **Procedural Ruling on Parties' Forensic Imaging Dispute**

Examination of the cases cited above show that courts are reluctant to permit a requesting party to obtain a forensic image of a responding party's computer storage devices unless there has been some improper conduct or failure to produce relevant ESI by the responding party or unless there is reason to believe that the computer or device itself has been used to commit the wrong giving rise to the claim.[2]  Here,

---

[2] As set forth prior, some courts have recognized that forensic imaging of the hard drives of computers and other devices that may contain ESI relevant to the claims or defenses in the case can be an effective means of preserving relevant ESI from unintentional loss of such ESI through the standard operation of the computer or other device.  These courts have protected the responding parties' privacy concerns by implementing e-discovery protocols insuring ESI preservation coupled with stipulated search and retrieval protocols where, in the absence of proof of the responding party's discovery misconduct or negligence in production, the requesting party is not permitted to have direct access to the forensic images.

Plaintiff has made no allegation that the Appearing Defendants have engaged in improper conduct, intentional destruction of relevant electronic evidence, or any act or omission precluding Plaintiff from receiving documents and/or ESI that are responsive to written discovery requests. Accordingly, no grounds appear to exist giving rise to a right on the part of Plaintiff to have its computer forensics expert obtain forensic copies of the Appearing Defendants computers and other devices. Therefore, Plaintiff's request to have its expert obtain and review forensic images is premature and not appropriate to be included in the initial ESI Order.[3]

## B. Other Disputed ESI Order Issues

### 1. The Time Frame for Identifying ESI to Be Preserved, Custodians of Record and Time Period for Preservation

Plaintiff contends that the Appearing Defendants' proposed ESI Order contains a sixty (60) day waiting period "before they are even required to identify the type if [sic] ESI sought to be preserved, identify the custodians whose records should be preserved and indicate the number of custodians per party whose ESI will be preserved." *See Plaintiff's Opening Brief, p. 4, citing* Ex. 2, ¶ III. Plaintiff argues for a shorter deadline of fourteen (14) days. Plaintiff also complains that the Appearing Defendants' proposed temporal limitation back to January 1, 2013 is insufficient, and "the parties must preserve all ESI regardless of time." *Id.*, *citing* Ex. 2, ¶ III. The Appearing Defendants indicate that they are "willing to work in good faith with Plaintiff" concerning the timing issues. *See Defendants' Responsive Brief*, p. 5.

### 2. ESI Search Protocol

Plaintiff also complains that the Appearing Defendants' proposed ESI Order "would have the parties wait until document requests are responded to before they

---

[3] Plaintiff has not set forth any allegations or authority in support of its alternative offer "to agree to a neutral party conducting a preliminary review of the documentation." Accordingly, this offer is also premature.

have to meet and confer about ESI search methods and to identify ESI that is subject to production." *See Plaintiff's Opening Brief, p. 4, citing* Ex. 2, ¶ V.  Plaintiff is correct that there does not seem to be a reason in this case to wait unto document requests are responded to before meeting and conferring about an ESI search protocol.  Accordingly:

    (1) The Plaintiff and Appearing Defendants, through counsel, are hereby ORDERED to meet and confer to engage in a good faith effort to agree on the terms of a Stipulated Order Re: Discovery of Electronically Stored Information ("Stipulated ESI Order") using the attached Exhibit A as a starting point for negotiation, and including an agreed-upon initial ESI search protocol and procedure for determining how to pare down initial ESI search results to a manageable quantity proportional to the needs of the case; and

    (2) The Plaintiff and Appearing Defendants, through counsel, are hereby ORDERED to submit to the Special Master a single, jointly proposed Stipulated ESI Order no later than Tuesday, July 16, 2019, and if the parties disagree as to any proposed language contained therein, then each party shall set forth its respective proposed language in the document.

The Special Master has not intended to make any findings of fact or conclusions law in this Procedure Order No. 1, and the rulings herein are intended to be solely on procedural matters within the meaning of Fed. R. Civ. P. 53(f)(5).

**SO ORDERED on July 9, 2019**.

                                              */s/ Paul E. Burns, Esq.*
                                              Paul E. Burns, Esq.
                                              Special Master