Paul E. Burns
Procopio, Cory, Hargraves & Savage
525 B. Street, Suite 2200
San Diego, CA 92101

    RE: Letter Motion to Compel
       Rousselot B.V. v. St. Paul Brands, Inc. et al.
       Case No.  8:19-cv-00458-DOC-ADS

Dear Mr. Burns:

  Pursuant to Section 9 of the Order Appointed Special Master (Doc. 43), Defendants A Q Pharmaceuticals, Inc. and Mailan Nguyen (collectively, "Defendants") submit this Letter Motion requesting that Plaintiff Rousselot B.V. ("Plaintiff") be compelled to comply with its discovery obligations.

  On June 11, 2019, Plaintiff's counsel was served with Defendant A Q Pharmaceuticals' First Request for Production (Ex. A) and First Set of Interrogatories (Ex. B) and Defendant Mailan Nyugen's First Set of Interrogatories (Ex. C).  At Plaintiff's request, Defendants provided Plaintiff an extension of time to provide its responses, to July 19, 2019.  On that day, Plaintiff served its responses (Ex. D, E & F).

  On July 23, 2019, Defendants' counsel transmitted a letter to Plaintiff's counsel noting a number of deficiencies in Plaintiff's discovery responses (Ex. G), and requested a meet-and-confer be held to discuss whether Plaintiff would supplement its responses.  On July 25, 2019, counsel for the parties held a telephonic meet-and-confer on the issues raised in Defendants' July 23, 2019 letter, where Plaintiff indicated it would not be supplementing its discovery responses.

1

*Stetina Brunda Garred & Brucker*

July 26, 2019
Page 2

Thus, Defendants now move via this Letter Motion, and pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel Plaintiff to supplement its responses so as to comply with its discovery obligations.

    **A.**    **Boilerplate Objections**

Rule 33(b)(4) requires that "the grounds for objecting to an interrogatory must be stated with specificity" and Rule 34(b)(2)(B) requires that a party responding to a production request must "state with specificity the grounds for objecting to the request, including the reasons." "Boilerplate objections of any type are improper in federal court." *Aecom Energy & Constr., Inc. v. Ripley*, 2018 U.S. Dist. LEXIS 224110 at *17 (C.D. Cal 2018); *citing A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal 2006).

In response to nearly every single document request and interrogatory propounded, Plaintiff has asserted at least one "boilerplate" objection containing no explanation or specified reason as to the grounds for objecting. An identical boilerplate objection on the basis of the attorney-client privilege and the attorney work product doctrine, without any explanation, was made to 83 of the 96 propounded document requests and 20 of the 21 propounded interrogatories. An identical boilerplate objection on the basis of the request being "premature," without any explanation, was made to 90 of the 96 propounded document requests and 18 of the 21 propounded interrogatories. A boilerplate objection on the basis of

*Stetina Brunda Garred & Brucker*

July 26, 2019
Page 3

the request being "vague and confusing" or "vague, confusing, and indefinite," without any explanation as to what is vague, confusing, and/or indefinite, was made to 13 document requests (Request for Production Nos. 74-76, 82, 83, 87-89, and 91-95). A boilerplate objection on the basis of irrelevance or nonproportionality to the needs of the case, without any explanation, was made to 13 document requests (Request for Productions Nos. 78, 82, and 86 through 96).

Defendants thus move that Plaintiff be compelled to supplement its responses by either stating with specificity the grounds for each of these objections or by expressly waiving each of these objections.

**B.     Whether Responsive Materials Have Been Withheld**

Rule 34(b)(2)(C) requires that "an objection must state whether any responsive materials are being withheld on the basis of that objection." None of Plaintiff's objections state whether responsive materials have or have not been withheld on the basis of that objection. Rule 34(a)(1) also requires if Plaintiff has relevant documents or materials in his possession or control, he must produce them in response to Defendants' discovery requests. If Plaintiff is not in possession or control of relevant materials, he must state under oath that the requested documents do not exist or are not in his possession or control. For instance, Request for Production Nos. 25-27 and 40 are directly proportional to the needs of this case and should already be in the possession of Plaintiff as represented by Plaintiff.

*Stetina Brunda Garred & Brucker*

July 26, 2019
Page 4

However, we are unable to ascertain whether Plaintiff is withholding materials responsive to the requests or that the materials do not exist. Defendants thus move that Plaintiff be compelled to supplement its responses by stating whether responsive materials were withheld on the basis of each and every objection made or, if none are produced, whether no such responsive materials exist.

### C. No Privilege Log

A party withholding responsive documents on the basis of a claim of privilege must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii). While the rule "does not specify exactly how the party asserting privilege/protection must particularize its claim… [t]he most common way is by using a privilege log, which identifies each document withheld, information regarding the nature of the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the document's general subject matter." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 264-65 (D. Md. 2008).

To the extent that Plaintiff is withholding documents or anything else on the basis of attorney-client privilege or the attorney work product doctrine, or any

*Stetina Brunda Garred & Brucker*

July 26, 2019
Page 5

other claimed privilege, Defendants move that Plaintiff be compelled to supplement its responses by providing a privilege log, which particularizes the claim of privilege.

### D.     Conclusion

Defendants move for an Order compelling Plaintiff, within three (3) days from the date of the Order, to fully and completely respond to all of Defendants' June 11, 2019 Interrogatories and Requests for Production, including each Interrogatory and Request for Production, without objections which do not comply with Rule 33(b)(4), Rule 34(b)(2)(B), Rule 34(b)(2)(C), or Rule 34(b)(2)(E)(1)[1], and to the extent that any of its responses withhold any documents or answers, or portions thereof upon any claim of privilege, to provide to Defendants a privilege log particularizing the claim of privilege.

>Very truly yours,
>
>STETINA BRUNDA GARRED & BRUCKER
>
>Gregory K. Clarkson

---

[1] Should it be proven that documents are wrongly objected to, Defendants respectfully reserve the right to ask the court to exercise judicial discretion to exclude such documents in light of the potential for prejudice.