# EXHIBIT A

Matthew A. Newboles (SBN 167,196)
Gregory K. Clarkson (SBN 298,712)
**STETINA BRUNDA GARRED & BRUCKER**
75 Enterprise, Suite 250
Aliso Viejo, California 92656
*mnewboles@stetinalaw.com*
*gclarkson@stetinalaw.com*
Tel: (949) 855-1246

Attorneys for Defendants
St. Paul Brands, Inc., Advanced Pharmaceutical
Services, Inc., A Q Pharmaceuticals, Inc.,
Dennis Nguyen-Duy Ngo, Jimmy Ngo, Mailan
Nguyen, Trang D. Nguyen a/k/a Tracy Nguyen

**STETINA BRUNDA GARRED & BRUCKER**
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| Rousselot B.V., <br><br> Plaintiff, <br><br> v. <br><br> St. Paul Brands, Inc., Advanced Pharmaceutical Services, Inc., A Q Pharmaceuticals, Inc., Cong ty co phan duoc pham Eco doing business as "ECO PHARMA JOINT STOCK COMPANY (VIETNAM), Dennis Nguyen-duy Ngo, Jimmy Ngo, Mailan Nguyen, Trang D. Nguyen a/k/a Tracy Nguyen, <br><br> Defendants. | Case No. 8:19-cv-00458-DOC-ADS <br><br> Hon. David O. Carter <br><br> **DEFENDANT A Q PHARMACEUTICALS, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ELECTRONIC DATA, AND THINGS TO PLAINTIFF ROUSSELOT B.V.** |

**Case No.** 8:19-cv-00458-DOC-ADS

DEFENDANT A Q PHARMACEUTICALS, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS,
ELECTRONIC DATA, AND THINGS TO PLAINTIFF ROUSSELOT B.V.

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

Defendant A Q Pharmaceuticals, Inc. hereby requests pursuant to Rule 34 of the Federal Rules of Civil Procedure, that Plaintiff, Rousselot B.V., identify and produce for inspection the documents, writings and tangible things designated below.

The designated documents are requested to be produced for inspection and copying at the offices of Stetina Brunda Garred & Brucker, 75 Enterprise, Suite 250, Aliso Viejo, California 92656 within thirty (30) days.

## INSTRUCTIONS AND DEFINITIONS

A.    These requests shall be deemed to seek answers as of the date hereof, and to the full extent permitted under the Federal Rules of Civil Procedure.  Furthermore, these requests are of a continuing nature, and Plaintiff is required to file and serve supplemental responses if Plaintiff obtains further or different information after the date of Plaintiff's initial answer and before this Action is completed.

B.    The following requests shall be construed as addressed to the Plaintiff, any of Plaintiff's subsidiaries, affiliated corporations, and any other corporations or business enterprises controlled by Plaintiff that are presently or were at the time to which the request relates, associated in any way with the Plaintiff.

C.    If the answer to any request or subpart thereof is "none", or if a section is not applicable, so indicate rather than leaving the space blank.  When a complete answer to a particular request, or subdivision thereof, is not possible, the request should be answered to the extent possible, together with the reason stated why only a partial answer is given.

D.    If production of any document is withheld on the basis of a claim of privilege, each withheld document must be separately identified by providing the following information, see *Upjohn v. United States, 449 U.S. 383 (1981)*:

     1.    The identity and position of the person or persons supplying the information;

2. The place, date and manner of recording, or otherwise providing the instrument;

3. The names of the person or persons other than stenographic or clerical assistance participating in the preparation of the documents;

4. The name and position of each person to whom the content of the document is addressed or communicated to by copying, exhibiting, reading, or substantial summarization;

5. A general description of the subject matter of the document;

6. The type of privilege claimed (attorney/client or work product);

7. The basis for the claim of privilege;

8. All facts showing that the claimed privilege has not been waived;

9. The status of the entity claiming the privilege; and

10. The portions of the document as to which the privilege is claimed (i.e., one sentence, one paragraph, the entire document, etc.).

E. If information requested is not available from Plaintiff's records in exactly the form requested, furnish carefully prepared estimates, designated as such, and attach explanations of any estimate used.

F. "You" or "Your" or "Rousselot" or "Plaintiff" shall include Plaintiff Rousselot B.V., its controlled companies and predecessors, its predecessors in interest, successors, assignees, and its officers, directors, employees, agents (including experts), representatives, attorneys, and any others acting or purporting to act on its behalf or in conference with it.

G. Except to the extent that context dictates otherwise, "Defendant" or "Defendants" means California Corporate Defendants St. Paul Brands, Inc., Advanced Pharmaceutical Services, Inc., and A Q Pharmaceuticals, Inc., Individual Defendants Dennis Nguyen-duy Ngo, Jimmy Ngo, Mailan Nguyen, and Trang D. Nguyen a/k/a Tracy Nguyen, and Defendant Cong ty co phan duoc pham Eco doing business as

2

"ECO PHARMA JOINT STOCK COMPANY (VIETNAM), their controlled companies and predecessors, their predecessors in interest, successors, assignees, and their officers, directors, employees, agents (including experts), representatives, attorneys, and any others acting or purporting to act on their behalf or in conference with them.

H.      The words "concerning" or "concern" mean referring to, alluding to, responding to, relating to, connected with, citing, reporting, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, mentioning, respecting, analyzing, constituting, embodying, evidencing or pertaining to those specific items referenced.

I.      As used herein "and" and "or" should be construed either conjunctively or disjunctively, whichever makes the request more inclusive.

J.      Any pronoun shall include the masculine, feminine or neuter gender, as in each case may be appropriate.

K.      The singular shall include the plural and the plural shall include the singular, except as the context may otherwise require.

L.      The term "including" means "including but not limited to."

M.      As used herein, "documents" shall mean, but without limitation, every writing or record of every type and description, including without limitation: correspondence, invoices, contracts, purchase orders, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, maps, charts, reports, surveys, minutes, statistical compilations or electronic documents, such as documents on a diskette or hard drive; and every copy of every writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

N.      As used herein, the term "Electronic data" is defined as all information

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

3

generated, recorded, preserved, or maintained by electronic means, including, but not limited to, information generated, recorded, preserved, or maintained on computer hard-drives, floppy disks, computer files, deleted computer files, back-up computer files, magnetic tapes, CD-ROM, computer archives, computer memory, or any other forms of computer readable storage media.

O.     As used herein, the word "things" as hereinafter used shall refer to any tangible object that may for some reason be construed as something other than a document.

P.     As used herein, "person" shall mean any individual, firm, partnership, corporation, proprietorship, governmental body, or any other organization or entity.

Q.     As used herein, "identify" when used in reference to:

(a)    an individual, means to state his or her full name, present or last known residential and business address and present or last known position and/or business affiliation;

(b)    a firm, partnership, corporation, proprietorship, joint venture, association, or other organization or entity, means to state its full name, present or last known address and place of incorporation or formation;

(c)    a document, means to state the date, title (if any), each author, each recipient, type of document (i.e., publication, letter memorandum, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian;

(d)    a communication, means to state its data and place, the person(s) who participated in it or who were present during any part of it or who have knowledge about it and the substance of the communication; and

(e)    a product, means to state the product's description, manufacturer, designation by the manufacturer thereof (e.g. style, model, proprietary name, established name, product classification number and/or catalog

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

number), and brand name or trademark.

(f)   an act, means to describe the act, when it occurred, where it occurred, the identity of the person or persons performing said act (or, in the case of an omission, the identity of the person or persons failing to act), the identity of all persons who have knowledge, information or believe about the act, when the act or omission first became known to you, and the circumstances and manner in which you first obtained such knowledge.

R.    With respect to any Request as to which an objection is made, state the specific grounds for the objection and respond to such Request to the extent to which there is not objection.

S.    If you object to any Request, or subpart thereof, on the ground that the Request requires the disclosure of privileged attorney-client communications, work product or any other matter allegedly immune from discovery, state the date and general subject matter of the communication or work product, identify each person who was present at or participated in such communication or the preparation of such work product, and the basis for the claim of privilege or immunity.

T.    As used herein, the term "Plaintiff's Mark" shall mean the mark PEPTAN filed in the United States Patent and Trademark Office and assigned Registration No. 4,047,500.

U.    As used herein, the term "Eco Pharma Marks" shall mean the trademark applications and registrations for the mark PEPTAN and others as identified in paragraph 31 of Plaintiff's First Amended Complaint.

V.    As used herein, the term "JEX Max product" refers to the proprietary blend of botanicals referred to on Defendant's website (http://www.stpaulbrands.com) as JEX Max and referred to in Plaintiff's First Amended Complaint as JEX PEPTAN MAX.

W.    If Plaintiff has any questions concerning the meaning, interpretation or

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

answers to these requests, or subparts thereof, direct such inquiries to the undersigned.

## REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 6 of Plaintiff's First Amended Complaint that the Defendants acting in concert have "manufactured" the JEX Max product "in this judicial district."

REQUEST FOR PRODUCTION NO. 2:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 6 of Plaintiff's First Amended Complaint that the Defendants acting in concert have "advertised" the JEX Max product "in this judicial district."

REQUEST FOR PRODUCTION NO. 3:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 6 of Plaintiff's First Amended Complaint that the Defendants acting in concert have "sold" the JEX Max product "in this judicial district."

REQUEST FOR PRODUCTION NO. 4:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 6 of Plaintiff's First Amended Complaint that the Defendants acting in concert have "distributed" the JEX Max product "in this judicial district."

REQUEST FOR PRODUCTION NO. 5:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 11 of Plaintiff's First Amended Complaint that Eco Pharma entered a business arrangement with Defendant St. Paul Brands and the other

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

Defendants with the intent of selling the JEX Max product "to companies who will resell these infringing PEPTAN products in the United States."

REQUEST FOR PRODUCTION NO. 6:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 11 of Plaintiff's First Amended Complaint that "Eco Pharma, thereby, conducts business in Orange County, California and the United States."

REQUEST FOR PRODUCTION NO. 7:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 14 of Plaintiff's First Amended Complaint that the Individual Defendants "are personally responsible" for the allegedly tortious acts.

REQUEST FOR PRODUCTION NO. 8:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 14 of Plaintiff's First Amended Complaint that the Individual Defendants "have intentionally committed" the allegedly tortious acts.

REQUEST FOR PRODUCTION NO. 9:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 14 of Plaintiff's First Amended Complaint that "all or some defendants acted in concert with, as agent or representative for, or at the request of, or on behalf of, and/or induced one or more of the other Defendants, or Individual Defendants" of the allegedly wrongful acts.

REQUEST FOR PRODUCTION NO. 10:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 26 of Plaintiff's First Amended Complaint that, "on or around November 2013, Plaintiff's representatives had discussions with some of the Individual Defendants on behalf of Defendants St. Paul Brands, A Q Pharmaceuticals and Advanced Pharmaceutical about Plaintiff's PEPTAN collagen products."

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

7

REQUEST FOR PRODUCTION NO. 11:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 27 of Plaintiff's First Amended Complaint that, "beginning in 2014 Defendant Advanced Pharmaceutical began purchasing PEPTAN collagen from Plaintiff for use by Defendant St. Paul Brands in the manufacture of cosmetic products."

REQUEST FOR PRODUCTION NO. 12:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 28 of Plaintiff's First Amended Complaint that "on or before 2014 the Individual Defendants, Defendant St. Paul Brands, Defendant A Q Pharmaceuticals and Defendant Advanced Pharmaceutical, entered into a conspiracy with Defendant Eco Pharma to trade on the goodwill and reputation of the PEPTAN trademark in the United States and around the world."

REQUEST FOR PRODUCTION NO. 13:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 32 of Plaintiff's First Amended Complaint that, "on or around November 2014, Defendants Mailan Nguyen and Tracy Nguyen approached Plaintiff to purchase PEPTAN collagen product that was bovine based to use in a new dietary supplement which became Defendant St. Paul Brands' JEX PEPTAN MAX product."

REQUEST FOR PRODUCTION NO. 14:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 33 of Plaintiff's First Amended Complaint that, "prior to the issuance of registrations for the PEPTAN Vietnam Trademark Applications, Defendant St. Paul Brands, through Defendant Mailan Nguyen was involved in discussions with Plaintiff concerning a co-branding agreement for the use of the PEPTAN trademark in Vietnam."

DEFENDANT A Q PHARMACEUTICALS, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ELECTRONIC DATA, AND THINGS TO PLAINTIFF ROUSSELOT B.V.

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

REQUEST FOR PRODUCTION NO. 15:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 33 of Plaintiff's First Amended Complaint that the alleged discussions "did not result in an agreement."

REQUEST FOR PRODUCTION NO. 16:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 38 of Plaintiff's First Amended Complaint that the English language labeling and "Made in USA" marking of the JEX Max product is done "purposely" so that the JEX Max product "could be sold in English speaking markets such as the United States."

REQUEST FOR PRODUCTION NO. 17:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 40 of Plaintiff's First Amended Complaint that, on or about November 2014, "the California Corporate Defendants and the Individual Defendants made an agreement with Defendant Eco Pharma to buy and sell the JEX PEPTAN product in Vietnam in English language packaging and labels in order for third party companies to sell and ship the JEX PEPTAN MAX product to the United States and other English speaking countries like Australia where Plaintiff has registered the mark PEPTAN."

REQUEST FOR PRODUCTION NO. 18:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 41 of Plaintiff's First Amended Complaint that "the California Corporate Defendants and the Individual Defendants entered into this agreement with Defendant Eco Pharma to trade on the recognition and good will of the PEPTAN mark."

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

REQUEST FOR PRODUCTION NO. 19:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 48 of Plaintiff's First Amended Complaint that the JEX Max product is available for purchase in "this judicial district" through Amazon.com.

REQUEST FOR PRODUCTION NO. 20:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 48 of Plaintiff's First Amended Complaint that the JEX Max product is available for purchase in "the United States" through Amazon.com.

REQUEST FOR PRODUCTION NO. 21:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 48 of Plaintiff's First Amended Complaint that the JEX Max product is available for purchase "globally" through Amazon.com.

REQUEST FOR PRODUCTION NO. 22:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 48 of Plaintiff's First Amended Complaint that the JEX Max product is available for purchase in "this judicial district" through eBay.

REQUEST FOR PRODUCTION NO. 23:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 48 of Plaintiff's First Amended Complaint that the JEX Max product is available for purchase in "the United States" through eBay.

REQUEST FOR PRODUCTION NO. 24:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 48 of Plaintiff's First Amended Complaint that the JEX Max product is available for purchase "globally" through eBay.

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

REQUEST FOR PRODUCTION NO. 25:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 48 of Plaintiff's First Amended Complaint that the JEX Max product is available for purchase in "this judicial district" through e-commerce websites other than Amazon.com and eBay.

REQUEST FOR PRODUCTION NO. 26:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 48 of Plaintiff's First Amended Complaint that the JEX Max product is available for purchase in "the United States" through e-commerce websites other than Amazon.com and eBay.

REQUEST FOR PRODUCTION NO. 27:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 48 of Plaintiff's First Amended Complaint that the JEX Max product is available for purchase "globally" through e-commerce websites other than Amazon.com and eBay.

REQUEST FOR PRODUCTION NO. 28:

"Exhibit J" referred to in paragraph 48 of Plaintiff's First Amended Complaint.

REQUEST FOR PRODUCTION NO. 29:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 49 of Plaintiff's First Amended Complaint that sales of the JEX Max product via Amazon.com "were done with the knowledge by all the Defendants."

REQUEST FOR PRODUCTION NO. 30:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 49 of Plaintiff's First Amended Complaint that sales of the JEX Max product via eBay "were done with the knowledge by all the Defendants."

REQUEST FOR PRODUCTION NO. 31:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 49 of Plaintiff's First Amended Complaint that sales of the JEX Max product via e-commerce websites other than Amazon.com and eBay "were done with the knowledge by all the Defendants."

REQUEST FOR PRODUCTION NO. 32:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 50 of Plaintiff's First Amended Complaint that the English language labeling and "Made in USA" marking of the JEX Max product was done by the Defendants "to facilitate these sales of infringing JEX PEPTAN MAX PRODUCT in the United States and other markets."

REQUEST FOR PRODUCTION NO. 33:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 51 of Plaintiff's First Amended Complaint that the ownership of U.S. Trademark Registration No. 442881 was maintained by the Defendants "in order to protect the sales of the infringing JEX PEPTAN MAX product in the United States."

REQUEST FOR PRODUCTION NO. 34:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 52 of Plaintiff's First Amended Complaint that "Plaintiff Rousselot contacted the Defendant St. Paul Brands to stop using the PEPTAN trademark on its JEX PEPTAN MAX product without Plaintiff Rousselot's consent."

REQUEST FOR PRODUCTION NO. 35:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 52 of Plaintiff's First Amended Complaint that "Defendant St. Paul Brands willfully refused to cooperate with this request."

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

REQUEST FOR PRODUCTION NO. 36:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 53 of Plaintiff's First Amended Complaint that Defendants "make" the JEX Max product from St. Paul Brands office at 11555 Monarch Street, Garden Grove, California.

REQUEST FOR PRODUCTION NO. 37:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 53 of Plaintiff's First Amended Complaint that Defendants "advertise" the JEX Max product from St. Paul Brands office at 11555 Monarch Street, Garden Grove, California.

REQUEST FOR PRODUCTION NO. 38:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 53 of Plaintiff's First Amended Complaint that Defendants "offer for sale" the JEX Max product from St. Paul Brands office at 11555 Monarch Street, Garden Grove, California."

REQUEST FOR PRODUCTION NO. 39:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 53 of Plaintiff's First Amended Complaint that Defendants "sells" the JEX Max product from St. Paul Brands office at 11555 Monarch Street, Garden Grove, California."

REQUEST FOR PRODUCTION NO. 40:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 56 of Plaintiff's First Amended Complaint that Defendants' alleged activities are "likely to cause confusion."

REQUEST FOR PRODUCTION NO. 41:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 57 of Plaintiff's First Amended Complaint that

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

DEFENDANT A Q PHARMACEUTICALS, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ELECTRONIC DATA, AND THINGS TO PLAINTIFF ROUSSELOT B.V.

Defendants "deliberately adopted and used the PEPTAN mark on its JEX PEPTAN MAX product to trade on the goodwill and recognition of this mark."

REQUEST FOR PRODUCTION NO. 42:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 58 of Plaintiff's First Amended Complaint that "Defendants' use of the PEPTAN mark is likely to cause consumers to falsely and mistakenly believe that Plaintiff is the source and origin of Defendants' JEX PEPTAN MAX goods."

REQUEST FOR PRODUCTION NO. 43:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraphs 58, 62, and 67 of Plaintiff's First Amended Complaint that Plaintiff has suffered lost sales.

REQUEST FOR PRODUCTION NO. 44:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraphs 58, 62, and 67 of Plaintiff's First Amended Complaint that Plaintiff has suffered "damage to its reputation."

REQUEST FOR PRODUCTION NO. 45:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 61 of Plaintiff's First Amended Complaint that Defendants' alleged activities constitute "false designation of origin" under Section 43(a) of the Lanham Act.

REQUEST FOR PRODUCTION NO. 46:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 61 of Plaintiff's First Amended Complaint that Defendants' alleged activities constitute "unfair competition" under Section 43(a) of the Lanham Act.

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

DEFENDANT A Q PHARMACEUTICALS, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ELECTRONIC DATA, AND THINGS TO PLAINTIFF ROUSSELOT B.V.

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

REQUEST FOR PRODUCTION NO. 47:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 61 of Plaintiff's First Amended Complaint that "Defendants are passing off their JEX PEPTAN MAX goods as goods made by Plaintiff."

REQUEST FOR PRODUCTION NO. 48:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 64 of Plaintiff's First Amended Complaint that Defendants have knowledge of an e-commerce website "advertising" the JEX Max product "in the United States."

REQUEST FOR PRODUCTION NO. 49:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 64 of Plaintiff's First Amended Complaint that Defendants have knowledge of an e-commerce website "advertising" the JEX Max product "elsewhere around the world."

REQUEST FOR PRODUCTION NO. 50:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 64 of Plaintiff's First Amended Complaint that Defendants have knowledge of an e-commerce website "offering for sale" the JEX Max product "in the United States."

REQUEST FOR PRODUCTION NO. 51:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 64 of Plaintiff's First Amended Complaint that Defendants have knowledge of an e-commerce website "offering for sale" the JEX Max product "elsewhere around the world."

REQUEST FOR PRODUCTION NO. 52:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 64 of Plaintiff's First Amended Complaint that Defendants have knowledge of an e-commerce website "selling" the JEX Max product "in the United States."

REQUEST FOR PRODUCTION NO. 53:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 64 of Plaintiff's First Amended Complaint that Defendants have knowledge of an e-commerce website "selling" the JEX Max product "elsewhere around the world."

REQUEST FOR PRODUCTION NO. 54:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 65 of Plaintiff's First Amended Complaint that "Defendants entered into their conspiracy to infringe the PEPTAN mark by attempting to use Vietnam as a safe haven to sell the infringing JEX PEPTAN MAX product."

REQUEST FOR PRODUCTION NO. 55:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 65 of Plaintiff's First Amended Complaint that Defendants knew of the re-sale of the JEX Max product in the United States.

REQUEST FOR PRODUCTION NO. 56:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 65 of Plaintiff's First Amended Complaint that Defendants knew of the re-sale of the JEX Max product in "other countries where Plaintiff Rousselot owns the trademark PEPTAN."

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

16

REQUEST FOR PRODUCTION NO. 57:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 65 of Plaintiff's First Amended Complaint that Defendants induced others to re-sell the JEX Max product in the United States.

REQUEST FOR PRODUCTION NO. 58:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 65 of Plaintiff's First Amended Complaint that Defendants induced others to re-sell the JEX Max product in "other countries where Plaintiff Rousselot owns the trademark PEPTAN."

REQUEST FOR PRODUCTION NO. 59:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 66 of Plaintiff's First Amended Complaint that Defendants materially "encouraged" sales of the JEX Max product in the United States.

REQUEST FOR PRODUCTION NO. 60:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 66 of Plaintiff's First Amended Complaint that Defendants materially "enabled" sales of the JEX Max product in the United States.

REQUEST FOR PRODUCTION NO. 61:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 66 of Plaintiff's First Amended Complaint that Defendants materially "contributed to" sales of the JEX Max product in the United States.

REQUEST FOR PRODUCTION NO. 62:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 66 of Plaintiff's First Amended Complaint that the English language labeling and "Made in USA" marking of the JEX Max product was done by the Defendants "in order to facilitate the re-sale of these JEX PEPTAN MAX

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

products in the United States and other English speaking markets where Plaintiff Rousselot owns the trademark PEPTAN."

REQUEST FOR PRODUCTION NO. 63:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 67 of Plaintiff's First Amended Complaint that the JEX Max product is "being resold in the United States."

REQUEST FOR PRODUCTION NO. 64:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 67 of Plaintiff's First Amended Complaint that Defendants "bear contributory liability for trademark infringement in violation of 15 U.S.C. Section 1051 *et seq.*"

REQUEST FOR PRODUCTION NO. 65:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 67 of Plaintiff's First Amended Complaint that Defendants "bear contributory liability for trademark infringement" in violation of "the common law."

REQUEST FOR PRODUCTION NO. 66:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 70 of Plaintiff's First Amended Complaint that Defendants' alleged acts constitute "trademark infringement" under the common law of the state of California.

REQUEST FOR PRODUCTION NO. 67:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 70 of Plaintiff's First Amended Complaint that Defendants' alleged acts constitute "unfair competition" under the common law of the state of California.

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

18

REQUEST FOR PRODUCTION NO. 68:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 73 of Plaintiff's First Amended Complaint that Defendants' alleged acts constitute "unfair competition under California Business and Professions Code §§ 17200 and 17500, *et seq.*"

REQUEST FOR PRODUCTION NO. 69:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 73 of Plaintiff's First Amended Complaint that Defendants' alleged acts constitute "unfair competition" under the common law of the state of California.

REQUEST FOR PRODUCTION NO. 70:

Documents, electronic data, and things evidencing or otherwise concerning any of the Defendants purposefully arranging with third parties to sell the JEX Max product to the United States.

REQUEST FOR PRODUCTION NO. 71:

Documents, electronic data, and things evidencing or otherwise concerning the JEX Max product being available for purchase from any of the Defendants through Amazon.com.

REQUEST FOR PRODUCTION NO. 72:

Documents, electronic data, and things evidencing or otherwise concerning the JEX Max product being available for purchase from any of the Defendants through eBay.

REQUEST FOR PRODUCTION NO. 73:

Documents, electronic data, and things evidencing or otherwise concerning the JEX Max product being available for purchase from any of the Defendants through e-commerce websites other than Amazon.com and eBay.

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

REQUEST FOR PRODUCTION NO. 74:

Documents, electronic data, and things evidencing or otherwise concerning any sales of the JEX Max product via Amazon.com that were caused by Defendants.

REQUEST FOR PRODUCTION NO. 75:

Documents, electronic data, and things evidencing or otherwise concerning any sales of the JEX Max product via eBay that were caused by Defendants.

REQUEST FOR PRODUCTION NO. 76:

Documents, electronic data, and things evidencing or otherwise concerning any sales of the JEX Max product via e-commerce websites other than Amazon.com or eBay that were caused by Defendants.

REQUEST FOR PRODUCTION NO. 77:

Documents, electronic data, and things evidencing or otherwise concerning any finished products sold by Plaintiff in the United States that contain PEPTAN.

REQUEST FOR PRODUCTION NO. 78:

Documents, electronic data, and things evidencing or otherwise concerning any non-powder products sold by Plaintiff in the United States that contain PEPTAN.

REQUEST FOR PRODUCTION NO. 79:

Documents, electronic data, and things evidencing or otherwise concerning any capsule products sold by Plaintiff in the United States that contain PEPTAN.

REQUEST FOR PRODUCTION NO. 80:

Documents, electronic data, and things evidencing or otherwise concerning efforts by Plaintiff to enter into a co-branding agreement with any of the Defendants.

REQUEST FOR PRODUCTION NO. 81:

Documents, electronic data, and things evidencing or otherwise concerning efforts by Plaintiff to obtain sales data or projections in relation to the JEX Max product.

**STETINA BRUNDA GARRED & BRUCKER**
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

REQUEST FOR PRODUCTION NO. 82:

Documents, electronic data, and things evidencing or otherwise concerning efforts by Plaintiff to obtain details regarding an August 8, 2015 event in Ho Chi Minh City.

REQUEST FOR PRODUCTION NO. 83:

Documents, electronic data, and things evidencing or otherwise concerning communications between Richard Schell and any of the Defendants.

REQUEST FOR PRODUCTION NO. 84:

Documents, electronic data, and things evidencing or otherwise concerning communications between Richard Schell's commercial team and any of the Defendants.

REQUEST FOR PRODUCTION NO. 85:

Documents, electronic data, and things evidencing or otherwise concerning communications between Richard Schell and Richard Schell's commercial team relating to the JEX Max product.

REQUEST FOR PRODUCTION NO. 86:

Documents, electronic data, and things evidencing or otherwise concerning communications between Richard Schell and Richard Schell's commercial team relating to any JEX MAX event in Ho Chi Minh City.

REQUEST FOR PRODUCTION NO. 87:

Documents, electronic data, and things evidencing or otherwise concerning communications between Richard Schell and any Rousselot affiliate relating to any JEX MAX event in Ho Chi Minh City.

REQUEST FOR PRODUCTION NO. 88:

Documents, electronic data, and things evidencing or otherwise concerning attendance to any JEX MAX event in Ho Chi Minh City, including presentation materials, videos, work material, and drafts.

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

REQUEST FOR PRODUCTION NO. 89:

Documents, electronic data, and things evidencing or otherwise concerning communications between Richard Schell and Marc Wong relating to the JEX Max product.

REQUEST FOR PRODUCTION NO. 90:

Identity of all customers involved in a PEPTAN co-branding program in the United States.

REQUEST FOR PRODUCTION NO. 91:

Documents, electronic data, and things evidencing or otherwise concerning any requirement to participate in a co-branding program in order to use the PEPTAN mark.

REQUEST FOR PRODUCTION NO. 92:

Documents, electronic data, and things evidencing or otherwise concerning any registrations of PEPTAN trademarks in Vietnam.

REQUEST FOR PRODUCTION NO. 93:

Documents, electronic data, and things evidencing or otherwise concerning any oppositions to PEPTAN trademarks in Vietnam.

REQUEST FOR PRODUCTION NO. 94:

Documents, electronic data, and things evidencing or otherwise concerning communications between Richard Schell and any Rousselot Marketing Group, organizers, or speakers relating to speaking for any JEX MAX launch event discussed between May 2015 thru December 2015.

REQUEST FOR PRODUCTION NO. 95:

Documents, electronic data, and things evidencing or otherwise concerning attendance to any JEX MAX launch event in Ho Chi Minh City, including presentation materials, videos, work material, and drafts.

REQUEST FOR PRODUCTION NO. 96:

Documents, electronic data, and things evidencing or otherwise concerning the agreed attendance of Dr. Elke De Clerck to attend any JEX MAX launch event in Ho

22

Chi Minh City, including communications, presentation materials, videos, work material, and drafts.

Dated:  June 11, 2019          STETINA BRUNDA GARRED & BRUCKER

By: /s/Gregory K. Clarkson
Matthew A. Newboles
Gregory K. Clarkson

Attorneys for Defendants
St. Paul Brands, Inc., Advanced
Pharmaceutical Services, Inc., A Q
Pharmaceuticals, Inc., Dennis Nguyen-Duy
Ngo, Jimmy Ngo, Mailan Nguyen, Trang D.
Nguyen a/k/a Tracy Nguyen

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record are being served with this document via email and U.S. mail on June 11, 2019.


/s/Gregory K. Clarkson
Gregory K. Clarkson

---

DEFENDANT A Q PHARMACEUTICALS, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ELECTRONIC DATA, AND THINGS TO PLAINTIFF ROUSSELOT B.V.