# EXHIBIT B

Matthew A. Newboles (SBN 167,196)
Gregory K. Clarkson (SBN 298,712)
**STETINA BRUNDA GARRED & BRUCKER**
75 Enterprise, Suite 250
Aliso Viejo, California 92656
*mnewboles@stetinalaw.com*
*gclarkson@stetinalaw.com*
Tel: (949) 855-1246

Attorneys for Defendants
St. Paul Brands, Inc., Advanced Pharmaceutical Services, Inc., A Q Pharmaceuticals, Inc., Dennis Nguyen-Duy Ngo, Jimmy Ngo, Mailan Nguyen, Trang D. Nguyen a/k/a Tracy Nguyen

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| Rousselot B.V., | Case No. 8:19-cv-00458-DOC-ADS |
| Plaintiff, | Hon. David O. Carter |
| v. | |
| St. Paul Brands, Inc., Advanced Pharmaceutical Services, Inc., A Q Pharmaceuticals, Inc., Cong ty co phan duoc pham Eco doing business as "ECO PHARMA JOINT STOCK COMPANY (VIETNAM), Dennis Nguyen-duy Ngo, Jimmy Ngo, Mailan Nguyen, Trang D. Nguyen a/k/a Tracy Nguyen, | **DEFENDANT A Q PHARMACEUTICALS, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF ROUSSELOT B.V.** |
| Defendants. | |

Defendant A Q Pharmaceuticals, Inc. hereby propounds the following interrogatories to be answered by Plaintiff, Rousselot B.V., in writing and under oath within thirty days pursuant to Fed. R. Civ. P. 33.

## INSTRUCTIONS AND DEFINITIONS

A. These interrogatories shall be deemed to seek answers as of the date hereof, and to the full extent permitted under the Federal Rules of Civil Procedure. Furthermore, these interrogatories are of a continuing nature, and Plaintiff is required to file and serve supplemental responses if Plaintiff obtains further or different information after the date of Plaintiff's initial answer and before this Action is completed.

B. The following interrogatories shall be construed as addressed to the Plaintiff, any of Plaintiff's subsidiaries, affiliated corporations, and any other corporations or business enterprises controlled by Plaintiff that are presently or were at the time to which the interrogatory relates, associated in any way with the Plaintiff.

C. If the answer to any interrogatory or subpart thereof is "none", or if a section is not applicable, so indicate rather than leaving the space blank.  When a complete answer to a particular interrogatory, or subdivision thereof, is not possible, the interrogatory should be answered to the extent possible, together with the reason stated why only a partial answer is given.

D. If the answer to any interrogatory or subpart thereof is withheld on the basis of a claim of privilege, each withheld document must be separately identified by providing the following information, see *Upjohn v. United States, 449 U.S. 383 (1981)*:

    1. The identity and position of the person or persons supplying the information;

    2. The place, date and manner of recording, or otherwise providing the instrument;

1

3.   The names of the person or persons other than stenographic or clerical assistance participating in the preparation of the documents;

4.   The name and position of each person to whom the content of the document is addressed or communicated to by copying, exhibiting, reading, or substantial summarization;

5.   A general description of the subject matter of the document;

6.   The type of privilege claimed (attorney/client or work product);

7.   The basis for the claim of privilege;

8.   All facts showing that the claimed privilege has not been waived;

9.   The status of the entity claiming the privilege; and

10.  The portions of the document as to which the privilege is claimed (i.e., one sentence, one paragraph, the entire document, etc.).

E.   If information requested is not available from Plaintiff's records in exactly the form requested, furnish carefully prepared estimates, designated as such, and attach explanations of any estimate used.

F.   "You" or "Your" or "Rousselot" or "Plaintiff" shall include Plaintiff Rousselot B.V., its controlled companies and predecessors, its predecessors in interest, successors, assignees, and its officers, directors, employees, agents (including experts), representatives, attorneys, and any others acting or purporting to act on its behalf or in conference with it.

G.   Except to the extent that context dictates otherwise, "Defendant" or "Defendants" means California Corporate Defendants St. Paul Brands, Inc., Advanced Pharmaceutical Services, Inc., and A Q Pharmaceuticals, Inc., Individual Defendants Dennis Nguyen-duy Ngo, Jimmy Ngo, Mailan Nguyen, and Trang D. Nguyen a/k/a Tracy Nguyen, and Defendant Cong ty co phan duoc pham Eco doing business as "ECO PHARMA JOINT STOCK COMPANY (VIETNAM), their controlled companies and predecessors, their predecessors in interest, successors, assignees, and

2
DEFENDANT A Q PHARMACEUTICALS, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF ROUSSELOT B.V.

their officers, directors, employees, agents (including experts), representatives, attorneys, and any others acting or purporting to act on their behalf or in conference with them.

    H.    The words "concerning" or "concern" mean referring to, alluding to, responding to, relating to, connected with, citing, reporting, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, mentioning, respecting, analyzing, constituting, embodying, evidencing or pertaining to those specific items referenced.

    I.    As used herein "and" and "or" should be construed either conjunctively or disjunctively, whichever makes the request more inclusive.

    J.    Any pronoun shall include the masculine, feminine or neuter gender, as in each case may be appropriate.

    K.    The singular shall include the plural and the plural shall include the singular, except as the context may otherwise require.

    L.    The term "including" means "including but not limited to."

    M.    As used herein, "documents" shall mean, but without limitation, every writing or record of every type and description, including without limitation: correspondence, invoices, contracts, purchase orders, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, maps, charts, reports, surveys, minutes, statistical compilations or electronic documents, such as documents on a diskette or hard drive; and every copy of every writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

    N.    As used herein, the term "Electronic data" is defined as all information generated, recorded, preserved, or maintained by electronic means, including, but not limited to, information generated, recorded, preserved, or maintained on computer hard-

drives, floppy disks, computer files, deleted computer files, back-up computer files, magnetic tapes, CD-ROM, computer archives, computer memory, or any other forms of computer readable storage media.

O. As used herein, the word "things" as hereinafter used shall refer to any tangible object that may for some reason be construed as something other than a document.

P. As used herein, "person" shall mean any individual, firm, partnership, corporation, proprietorship, governmental body, or any other organization or entity.

Q. As used herein, "identify" when used in reference to:

(a) an individual, means to state his or her full name, present or last known residential and business address and present or last known position and/or business affiliation;

(b) a firm, partnership, corporation, proprietorship, joint venture, association, or other organization or entity, means to state its full name, present or last known address and place of incorporation or formation;

(c) a document, means to state the date, title (if any), each author, each recipient, type of document (i.e., publication, letter memorandum, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian;

(d) a communication, means to state its data and place, the person(s) who participated in it or who were present during any part of it or who have knowledge about it and the substance of the communication; and

(e) a product, means to state the product's description, manufacturer, designation by the manufacturer thereof (e.g. style, model, proprietary name, established name, product classification number and/or catalog number), and brand name or trademark.

(f) an act, means to describe the act, when it occurred, where it occurred,

4

the identity of the person or persons performing said act (or, in the case of an omission, the identity of the person or persons failing to act), the identity of all persons who have knowledge, information or believe about the act, when the act or omission first became known to you, and the circumstances and manner in which you first obtained such knowledge.

R. With respect to any Interrogatory as to which an objection is made, state the specific grounds for the objection and respond to such Interrogatory to the extent to which there is not objection.

S. If you object to any Interrogatory, or subpart thereof, on the ground that the Interrogatory requests the disclosure of privileged attorney-client communications, work product or any other matter allegedly immune from discovery, state the date and general subject matter of the communication or work product, identify each person who was present at or participated in such communication or the preparation of such work product, and the basis for the claim of privilege or immunity.

T. As used herein, the term "Plaintiff's Mark" shall mean the mark PEPTAN filed in the United States Patent and Trademark Office and assigned Registration No. 4,047,500.

U. As used herein, the term "Eco Pharma Marks" shall mean the trademark applications and registrations for the mark PEPTAN and others as identified in paragraph 31 of Plaintiff's First Amended Complaint.

V. As used herein, the term "JEX Max product" refers to the proprietary blend of botanicals referred to on Defendant's website (http://www.stpaulbrands.com) as JEX Max and referred to in Plaintiff's First Amended Complaint as JEX PEPTAN MAX.

W. If Plaintiff has any questions concerning the meaning, interpretation or answers to these interrogatories, or subparts thereof, direct such inquiries to the undersigned.

# INTERROGATORIES

INTERROGATORY NO. 1:

State the basis for Plaintiff's contention in paragraph 11 of Plaintiff's First Amended Complaint that a business arrangement was entered into with the intent of selling the JEX Max product "to companies who will resell these infringing PEPTAN products in the United States."

INTERROGATORY NO. 2:

State the basis for Plaintiff's contention in paragraph 11 of Plaintiff's First Amended Complaint that Eco Pharma "conducts business in Orange County, California and the United States."

INTERROGATORY NO. 3:

State the basis for Plaintiff's contention in paragraph 14 of Plaintiff's First Amended Complaint that "all or some defendants acted in concert with, as agent or representative for, or at the request of, or on behalf of, and/or induced one or more of the other Defendants, or Individual Defendants" of the allegedly wrongful acts.

INTERROGATORY NO. 4:

State the basis for Plaintiff's contention in paragraph 28 of Plaintiff's First Amended Complaint of a "conspiracy" entered into "to trade on the goodwill and reputation of the PEPTAN trademark in the United States and around the world."

INTERROGATORY NO. 5:

State the basis for Plaintiff's contention in paragraph 38 of Plaintiff's First Amended Complaint that the English language labeling and "Made in USA" marking of the JEX Max product is done "purposely" so that the JEX Max product "could be sold in English speaking markets such as the United States."

INTERROGATORY NO. 6:

State the basis for Plaintiff's contention in paragraph 41 of Plaintiff's First Amended Complaint of an agreement entered into between the California Corporate

DEFENDANT A Q PHARMACEUTICALS, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF ROUSSELOT B.V.

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

Defendants, the Individual Defendants, and Defendant Eco Pharma "to trade on the recognition and good will of the PEPTAN mark."

INTERROGATORY NO. 7:

State the basis for Plaintiff's contention in paragraph 49 of Plaintiff's First Amended Complaint that sales of the JEX Max product via third-party e-commerce sites "were done with the knowledge by all the Defendants."

INTERROGATORY NO. 8:

State the basis for Plaintiff's contention in paragraph 52 of Plaintiff's First Amended Complaint that "Defendant St. Paul Brands willfully refused to cooperate" with Plaintiff's alleged request that St. Paul Brands "stop using the PEPTAN trademark on its JEX PEPTAN MAX product without Plaintiff Rousselot's consent."

INTERROGATORY NO. 9:

State the basis for Plaintiff's contention in paragraph 56 of Plaintiff's First Amended Complaint that the alleged activities are "likely to cause confusion."

INTERROGATORY NO. 10:

State the basis for Plaintiff's contention in paragraph 57 of Plaintiff's First Amended Complaint that the PEPTAN mark was deliberately adopted and used on the JEX Max product "to trade on the goodwill and recognition of this mark."

INTERROGATORY NO. 11:

State the basis for Plaintiff's contention in paragraph 58 of Plaintiff's First Amended Complaint that the use of the PEPTAN mark "is likely to cause consumers to falsely and mistakenly believe that Plaintiff is the source and origin of Defendants' JEX PEPTAN MAX goods."

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

Dated:  June 11, 2019         STETINA BRUNDA GARRED & BRUCKER

By: /s/Gregory K. Clarkson
Matthew A. Newboles
Gregory K. Clarkson

St. Paul Brands, Inc., Advanced Pharmaceutical Services, Inc., A Q Pharmaceuticals, Inc., Dennis Nguyen-Duy Ngo, Jimmy Ngo, Mailan Nguyen, Trang D. Nguyen a/k/a Tracy Nguyen

8

DEFENDANT A Q PHARMACEUTICALS, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF ROUSSELOT B.V.

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that all counsel of record are being served with this document via email and U.S. mail on June 11, 2019.

/s/Gregory K. Clarkson
Gregory K. Clarkson

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246

DEFENDANT A Q PHARMACEUTICALS, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF ROUSSELOT B.V.