# EXHIBIT D

1   Ned W. Branthover (N.Y. SBN, 1690072)
2   **ABELMAN, FRAYNE & SCHWAB**
3   666 Third Avenue, 10th Floor
    New York, New York 10017
4   nwbranthover@lawabel.com
    (212) 949-9022
5
6   **LEVIN & DICTEROW**
    William E. Levin (SBN 104631)
7   668 N. Coast Highway, Suite 1264
    Laguna Beach, CA 92651
8   William.levin@levinip.com
9
    (949) 613-5131
10  Attorneys for Plaintiff,
11  ROUSSELOT B.V.

12          UNITED STATES DISTRICT COURT
13          CENTRAL DISTRICT OF CALIFORNIA
                    SOUTHERN DIVISION
14
15  **Rousselot B. V.**
16                          Plaintiff,        **Case No.8:19 cv-00458-DOC-ADS**
17          v.
18  St. Paul Brands, Inc., Advanced
    Pharmaceutical Services, Inc., A Q         **PLAINTIFF ROUSSELOT B.V.'S**
19  Pharmaceuticals, Inc., Cong ty co phan     **RESPONSES TO DEFENDANT A Q**
20  duoc pham Eco  doing  business as "ECO      **PHARMACEUTICALS, INC.'S**
    PHARMA JOINT STOCK                          **FIRST SET OF REQUESTS FOR**
21  COMPANY (VIETNAM), Dennis                    **THE PRODUCTION OF**
22  Nguyen-duy Ngo, Jimmy Ngo,                 **DOCUMENTS AND THINGS**
23  Mailan Nguyen, Trang D. Nguyen
24  a/k/a Tracy Nguyen,
25                          Defendants.
26
27          Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff
28  Rousselot B.V. ("Rousselot")   hereby responds as follows to Defendant A Q

1

Pharmaceuticals, Inc.'s ("Defendant A Q") First Set of Requests for the Production of Documents and Things ("Request for Production"). Plaintiff has produced certain responsive documents contemporaneously with this email and will produce additional responsive documents to Defendants' counsel on or before August 9th, 2019.

Plaintiff's responses are made without in any way waiving or intending to waive, but on the contrary, preserving and intending to preserve:

1. All questions of authenticity, relevance, materiality, privilege and admissibility as evidence for any purpose, of the information provided which may arise in any subsequent proceeding in, or the trial of, this or any other action;

2. The right to object to the use of said information at any subsequent proceeding in, or the trial of, this or any other action, or on any other grounds;

3. The right to object on any other ground at any time to other discovery involving said information or the subject matter thereof; and

4. The right to make additions and/or amendments to these responses if further discovery or investigation yields information called for in discovery.

**GENERAL OBJECTIONS**

The following objections apply generally, and are incorporated by reference in the response to each document request where appropriate:

1. Rousselot objects to Defendant A Q's "Instructions and Definitions" and Requests for Production to the extent that they call for information or documents protected by the attorney-client privilege or work-product doctrine;

2. Rousselot objects to Defendant A Q's "Instructions and Definitions" and Requests for Production to the extent that they seek to impose any obligation or burden on Rousselot not specifically required by the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Central District of California.

Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Requests for the Production of Documents, Electronic Data and Things

3.      Rousselot objects to Defendant A Q's "Instructions and Definitions" and Requests for Production to the extent the information or documentation sought is obtainable from sources other than Roussselot that are more convenient, less burdensome, or less expensive, or is in the possession, custody or control of Plaintiff.

4.      Rousselot objects to Defendant A Q's "Instructions and Definitions" and Requests for Production to the extent that they seek discovery of information or documents or things that are not in Rousselot's actual possession, custody, or control.

5.      Rousselot objects to Defendant A Q's "Instructions and Definitions" and Requests for Production to the extent they demand that it produce responsive documents at defendants' counsel's offices. Rousselot will produce responsive, non-privileged documents to defendants' counsel in electronic format.

6.      Rousselot objects to Defendant A Q's "Instructions and Definitions" and Requests for Production to the extent that they call for documents or information generated after the filing of the lawsuit.

7.      Rousselot objects to Defendant A Q's "Instructions and Definitions and Requests for Production to the extent that they are vague, ambiguous, unintelligible, duplicative, cumulative, unduly burdensome, overly broad, oppressive, call for information not relevant to a claim or defense of any party to the Action, or require a legal conclusion to determine whether there exists responsive, non-privileged, relevant evidence.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

REQUEST FOR PRODUCTION NO. 1:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 6 of Plaintiff's First Amended Complaint that

Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Requests for the Production of Documents, Electronic Data and Things

the Defendants acting in concert have "manufactured" the JEX Max product "in this judicial district."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and the General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 2:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 6 of Plaintiff's First Amended Complaint that the Defendants acting in concert have "advertised" the JEX Max product "in this judicial district."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and the General Objections, Plaintiff will produce responsive, non-privileged documents.

Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Requests for the Production of Documents, Electronic Data and Things

REQUEST FOR PRODUCTION NO. 3:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 6 of Plaintiff's First Amended Complaint that the Defendants acting in concert have "sold" the JEX Max product "in this judicial district."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and the General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 4:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 6 of Plaintiff's First Amended Complaint that the Defendants acting in concert have "distributed" the JEX Max product "in this judicial district."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Requests for the Production of Documents, Electronic Data and Things

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 5:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 11 of Plaintiff's First Amended Complaint that Eco Pharma entered a business arrangement with Defendant St. Paul Brands and the other Defendants with the intent of selling the JEX Max product "to companies who will resell these infringing PEPTAN products in the United States."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 6:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 11 of Plaintiff's First Amended Complaint that "Eco Pharma, thereby, conducts business in Orange County, California and the United States."

**RESPONSE**

Plaintiff objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce documents in response to this request.

REQUEST FOR PRODUCTION NO. 7:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 14 of Plaintiff's First Amended Complaint that the Individual Defendants "are personally responsible" for the allegedly tortious acts.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents in response to this request.

REQUEST FOR PRODUCTION NO. 8:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 14 of Plaintiff's First Amended Complaint that the Individual Defendants "have intentionally committed" the allegedly tortious acts.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Requests for the Production of Documents, Electronic Data and Things

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 9:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 14 of Plaintiff's First Amended Complaint that "all or some defendants acted in concert with, as agent or representative for, or at the request of, or on behalf of, and/or induced one or more of the other Defendants, or Individual Defendants" of the allegedly wrongful acts.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 10:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 26 of Plaintiff's First Amended Complaint that, "on or around November 2013, Plaintiff's representatives had discussions with some of the Individual Defendants on behalf of Defendants St. Paul Brands, A Q

Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Requests for the Production of Documents, Electronic Data and Things

Pharmaceuticals and Advanced Pharmaceutical about Plaintiff's PEPTAN collagen products."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 11:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 27 of Plaintiff's First Amended Complaint that, "beginning in 2014 Defendant Advanced Pharmaceutical began purchasing PEPTAN collagen from Plaintiff for use by Defendant St. Paul Brands in the manufacture of cosmetic products."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections Plaintiff will produce responsive, non-privileged documents.

Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Requests for the Production of Documents, Electronic Data and Things

REQUEST FOR PRODUCTION NO. 12:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 28 of Plaintiff's First Amended Complaint that "on or before 2014 the Individual Defendants, Defendant St. Paul Brands, Defendant A Q Pharmaceuticals and Defendant Advanced Pharmaceutical, entered into a conspiracy with Defendant Eco Pharma to trade on the goodwill and reputation of the PEPTAN trademark in the United States and around the world."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and the General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 13:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 32 of Plaintiff's First Amended Complaint that, "on or around November 2014, Defendants Mailan Nguyen and Tracy Nguyen approached Plaintiff to purchase PEPTAN collagen product that was bovine based to use in a new dietary supplement which became Defendant St. Paul Brands' JEX PEPTAN MAX product."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 14:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 33 of Plaintiff's First Amended Complaint that, "prior to the issuance of registrations for the PEPTAN Vietnam Trademark Applications, Defendant St. Paul Brands, through Defendant Mailan Nguyen was involved in discussions with Plaintiff concerning a co-branding agreement for the use of the PEPTAN trademark in Vietnam."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, and to the extent not previously produced, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 15:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 33 of Plaintiff's First Amended Complaint that the alleged discussions "did not result in an agreement."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 16:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 38 of Plaintiff's First Amended Complaint that the English language labeling and "Made in USA" marking of the JEX Max product is done "purposely" so that the JEX Max product "could be sold in English speaking markets such as the United States."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Requests for the Production of Documents, Electronic Data and Things

REQUEST FOR PRODUCTION NO. 17:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 40 of Plaintiff's First Amended Complaint that, on or about November 2014, "the California Corporate Defendants and the Individual Defendants made an agreement with Defendant Eco Pharma to buy and sell the JEX PEPTAN product in Vietnam in English language packaging and labels in order for third party companies to sell and ship the JEX PEPTAN MAX product to the United States and other English speaking countries like Australia where Plaintiff has registered the mark PEPTAN."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 18:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 41 of Plaintiff's First Amended Complaint that "the California Corporate Defendants and the Individual Defendants entered into this agreement with Defendant Eco Pharma to trade on the recognition and good will of the PEPTAN mark."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 19:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 48 of Plaintiff's First Amended Complaint that the JEX Max product is available for purchase in "this judicial district" through Amazon.com.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 20:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 48 of Plaintiff's First Amended Complaint that

Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Requests for the Production of Documents, Electronic Data and Things

the JEX Max product is available for purchase in "the United States" through Amazon.com.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to this request to the extent it is duplicative of Request for Production No. 19.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 21:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 48 of Plaintiff's First Amended Complaint that the JEX Max product is available for purchase "globally" through Amazon.com.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to this request to the extent it is duplicative of Request for Production Nos. 19 and 20.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Requests for the Production of Documents, Electronic Data and Things

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 22:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 48 of Plaintiff's First Amended Complaint that the JEX Max product is available for purchase in "this judicial district" through eBay.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 23:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 48 of Plaintiff's First Amended Complaint that the JEX Max product is available for purchase in "the United States" through eBay.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Requests for the Production of Documents, Electronic Data and Things

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 24:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 48 of Plaintiff's First Amended Complaint that the JEX Max product is available for purchase "globally" through eBay.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 25:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 48 of Plaintiff's First Amended Complaint that the JEX Max product is available for purchase in "this judicial district" through ecommerce websites other than Amazon.com and eBay.

Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Requests for the Production of Documents, Electronic Data and Things

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 26:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 48 of Plaintiff's First Amended Complaint that the JEX Max product is available for purchase in "the United States" through e-commerce websites other than Amazon.com and eBay.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to this request to the extent it is duplicative of Request for Production No. 25.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 27:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 48 of Plaintiff's First Amended Complaint that the JEX Max product is available for purchase "globally" through e-commerce websites other than Amazon.com and eBay.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to this request to the extent it is duplicative of Request for Production Nos. 25 and 26.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 28:

"Exhibit J" referred to in paragraph 48 of Plaintiff's First Amended Complaint.

**RESPONSE**

Subject to the General Objections, Plaintiff states that this document has already been filed and served on the Defendants.  To the extent Defendants are not in possession of the document, it is available through the Court's ECF system.

REQUEST FOR PRODUCTION NO. 29:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 49 of Plaintiff's First Amended Complaint that

sales of the JEX Max product via Amazon.com "were done with the knowledge by all the Defendants."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 30:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 49 of Plaintiff's First Amended Complaint that sales of the JEX Max product via eBay "were done with the knowledge by all the Defendants."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 31:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 49 of Plaintiff's First Amended Complaint that sales of the JEX Max product via e-commerce websites other than Amazon.com and eBay "were done with the knowledge by all the Defendants."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 32:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 50 of Plaintiff's First Amended Complaint that the English language labeling and "Made in USA" marking of the JEX Max product was done by the Defendants "to facilitate these sales of infringing JEX PEPTAN MAX PRODUCT in the United States and other markets."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 33:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 51 of Plaintiff's First Amended Complaint that the ownership of U.S. Trademark Registration No. 442881 was maintained by the Defendants "in order to protect the sales of the infringing JEX PEPTAN MAX product in the United States."

**RESPONSE**

Plaintiff objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 34:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 52 of Plaintiff's First Amended Complaint that "Plaintiff Rousselot contacted the Defendant St. Paul Brands to stop using the PEPTAN trademark on its JEX PEPTAN MAX product without Plaintiff Rousselot's consent."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 35:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 52 of Plaintiff's First Amended Complaint that "Defendant St. Paul Brands willfully refused to cooperate with this request."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 36:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 53 of Plaintiff's First Amended Complaint that

Defendants "make" the JEX Max product from St. Paul Brands office at 11555 Monarch Street, Garden Grove, California.

**RESPONSE**

Plaintiff objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 37:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 53 of Plaintiff's First Amended Complaint that Defendants "advertise" the JEX Max product from St. Paul Brands office at 11555 Monarch Street, Garden Grove, California.

**RESPONSE**

Plaintiff objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 38:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 53 of Plaintiff's First Amended Complaint that

Defendants "offer for sale" the JEX Max product from St. Paul Brands office at 11555 Monarch Street, Garden Grove, California."

**RESPONSE**

Plaintiff objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 39:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 53 of Plaintiff's First Amended Complaint that Defendants "sells" the JEX Max product from St. Paul Brands office at 11555 Monarch Street, Garden Grove, California."

**RESPONSE**

Plaintiff objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 40:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 56 of Plaintiff's First Amended Complaint that Defendants' alleged activities are "likely to cause confusion."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 41:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 57 of Plaintiff's First Amended Complaint that Defendants "deliberately adopted and used the PEPTAN mark on its JEX PEPTAN MAX product to trade on the goodwill and recognition of this mark."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 42:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 58 of Plaintiff's First Amended Complaint that

"Defendants' use of the PEPTAN mark is likely to cause consumers to falsely and mistakenly believe that Plaintiff is the source and origin of Defendants' JEX PEPTAN MAX goods."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 43:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraphs 58, 62, and 67 of Plaintiff's First Amended Complaint that Plaintiff has suffered lost sales.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 44:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraphs 58, 62, and 67 of Plaintiff's First Amended Complaint that Plaintiff has suffered "damage to its reputation."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 45:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 61 of Plaintiff's First Amended Complaint that Defendants' alleged activities constitute "false designation of origin" under Section 43(a) of the Lanham Act.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 46:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 61 of Plaintiff's First Amended Complaint that Defendants' alleged activities constitute "unfair competition" under Section 43(a) of the Lanham Act.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 47:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 61 of Plaintiff's First Amended Complaint that "Defendants are passing off their JEX PEPTAN MAX goods as goods made by Plaintiff."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 48:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 64 of Plaintiff's First Amended Complaint that Defendants have knowledge of an e-commerce website "advertising" the JEX Max product "in the United States."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 49:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 64 of Plaintiff's First Amended Complaint that Defendants have knowledge of an e-commerce website "advertising" the JEX Max product "elsewhere around the world."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 50:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 64 of Plaintiff's First Amended Complaint that Defendants have knowledge of an e-commerce website "offering for sale" the JEX Max product "in the United States."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 51:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 64 of Plaintiff's First Amended Complaint that Defendants have knowledge of an e-commerce website "offering for sale" the JEX Max product "elsewhere around the world."

Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Requests for the Production of Documents, Electronic Data and Things

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 52:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 64 of Plaintiff's First Amended Complaint that Defendants have knowledge of an e-commerce website "selling" the JEX Max product "in the United States."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 53:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 64 of Plaintiff's First Amended Complaint that

Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Requests for the Production of Documents, Electronic Data and Things

Defendants have knowledge of an e-commerce website "selling" the JEX Max product "elsewhere around the world."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 54: Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 65 of Plaintiff's First Amended Complaint that "Defendants entered into their conspiracy to infringe the PEPTAN mark by attempting to use Vietnam as a safe haven to sell the infringing JEX PEPTAN MAX product."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Requests for the Production of Documents, Electronic Data and Things

REQUEST FOR PRODUCTION NO. 55:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 65 of Plaintiff's First Amended Complaint that Defendants knew of the re-sale of the JEX Max product in the United States.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 56:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 65 of Plaintiff's First Amended Complaint that Defendants knew of the re-sale of the JEX Max product in "other countries where Plaintiff Rousselot owns the trademark PEPTAN."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Requests for the Production of Documents, Electronic Data and Things

REQUEST FOR PRODUCTION NO. 57:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 65 of Plaintiff's First Amended Complaint that Defendants induced others to re-sell the JEX Max product in the United States.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 58:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 65 of Plaintiff's First Amended Complaint that Defendants induced others to re-sell the JEX Max product in "other countries where Plaintiff Rousselot owns the trademark PEPTAN."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Requests for the Production of Documents, Electronic Data and Things

REQUEST FOR PRODUCTION NO. 59:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 66 of Plaintiff's First Amended Complaint that Defendants materially "encouraged" sales of the JEX Max product in the United States.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 60:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 66 of Plaintiff's First Amended Complaint that Defendants materially "enabled" sales of the JEX Max product in the United States.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 61:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 66 of Plaintiff's First Amended Complaint that Defendants materially "contributed to" sales of the JEX Max product in the United States.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 62:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 66 of Plaintiff's First Amended Complaint that the English language labeling and "Made in USA" marking of the JEX Max product was done by the Defendants "in order to facilitate the re-sale of these JEX PEPTAN MAX products in the United States and other English speaking markets where Plaintiff Rousselot owns the trademark PEPTAN."

Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Requests for the Production of Documents, Electronic Data and Things

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 63:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 67 of Plaintiff's First Amended Complaint that the JEX Max product is "being resold in the United States."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 64:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 67 of Plaintiff's First Amended Complaint that

Defendants "bear contributory liability for trademark infringement in violation of 15 U.S.C. Section 1051 et seq."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 65:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 67 of Plaintiff's First Amended Complaint that Defendants "bear contributory liability for trademark infringement" in violation of "the common law."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 66:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 70 of Plaintiff's First Amended Complaint that Defendants' alleged acts constitute "trademark infringement" under the common law of the state of California.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 67:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 70 of Plaintiff's First Amended Complaint that Defendants' alleged acts constitute "unfair competition" under the common law of the state of California.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Requests for the Production of Documents, Electronic Data and Things

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 68:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 73 of Plaintiff's First Amended Complaint that Defendants' alleged acts constitute "unfair competition under California Business and Professions Code §§ 17200 and 17500, et seq."

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 69:

Documents, electronic data, and things evidencing or otherwise concerning Plaintiff's contention in paragraph 73 of Plaintiff's First Amended Complaint that Defendants' alleged acts constitute "unfair competition" under the common law of the state of California.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

41

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 70:

Documents, electronic data, and things evidencing or otherwise concerning any of the Defendants purposefully arranging with third parties to sell the JEX Max product to the United States.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 71:

Documents, electronic data, and things evidencing or otherwise concerning the JEX Max product being available for purchase from any of the Defendants through Amazon.com.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 72:

Documents, electronic data, and things evidencing or otherwise concerning the JEX Max product being available for purchase from any of the Defendants through eBay.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 73:

Documents, electronic data, and things evidencing or otherwise concerning the JEX Max product being available for purchase from any of the Defendants through ecommerce websites other than Amazon.com and eBay.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 74:

Documents, electronic data, and things evidencing or otherwise concerning any sales of the JEX Max product via Amazon.com that were caused by Defendants.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is vague and confusing.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, and to the extent the request is understood, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 75:

Documents, electronic data, and things evidencing or otherwise concerning any sales of the JEX Max product via eBay that were caused by Defendants.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is vague and confusing.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, and to the extent the request is understood, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 76:

Documents, electronic data, and things evidencing or otherwise concerning any sales of the JEX Max product via e-commerce websites other than Amazon.com or eBay that were caused by Defendants.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is vague and confusing.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, and to the extent the request is understood, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 77:

Documents, electronic data, and things evidencing or otherwise concerning any finished products sold by Plaintiff in the United States that contain PEPTAN.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to this request to the extent it is vague, confusing and indefinite concerning the term "finished product" If finished product is defined as a product other than Plaintiff's PEPTAN collagen peptides in their original form that Plaintiff sells, then Plaintiff does not have any documents responsive to this request.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

REQUEST FOR PRODUCTION NO. 78:

Documents, electronic data, and things evidencing or otherwise concerning any non-powder products sold by Plaintiff in the United States that contain PEPTAN.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to this request to the extent it is vague, confusing and indefinite concerning the term "non-powder". If this term "non-powder" refers to products other than Plaintiff's PEPTAN collagen peptides, then Plaintiff does not have any documents responsive to this request.

Plaintiff further objects to this request to the extent that it seeks information that is not relevant to the subject matter of this action, is not reasonably calculated to lead to the discovery of admissible evidence, or not proportional to the needs of the case.

46

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

REQUEST FOR PRODUCTION NO. 79:

Documents, electronic data, and things evidencing or otherwise concerning any capsule products sold by Plaintiff in the United States that contain PEPTAN.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to this request to the extent it is vague, confusing and indefinite concerning the term "any capsule products". If this terms means products other than Plaintiff's  PEPTAN collagen peptides then Plaintiff does not have any documents responsive to this request. .

REQUEST FOR PRODUCTION NO. 80:

Documents, electronic data, and things evidencing or otherwise concerning efforts by Plaintiff to enter into a co-branding agreement with any of the Defendants.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 81:

Documents, electronic data, and things evidencing or otherwise concerning efforts by Plaintiff to obtain sales data or projections in relation to the JEX Max product.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to this request to the extent it is vague, confusing and indefinite concerning the expression "efforts by Plaintiff to obtain"

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 82: Documents, electronic data, and things evidencing or otherwise concerning efforts by Plaintiff to obtain details regarding an August 8, 2015 event in Ho Chi Minh City.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to this request to the extent it is vague, confusing and indefinite.

Plaintiff further objects to this request to the extent that it seeks information that is not relevant to the subject matter of this action, is not reasonably calculated to lead to the discovery of admissible evidence, or not proportional to the needs of the case.

Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Requests for the Production of Documents, Electronic Data and Things

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 83:

Documents, electronic data, and things evidencing or otherwise concerning communications between Richard Schell and any of the Defendants.

**RESPONSE**

Plaintiff objects to the request to the extent it is vague, confusing and indefinite.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, and to the extent they have not been previously produced, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 84:

Documents, electronic data, and things evidencing or otherwise concerning communications between Richard Schell's commercial team and any of the Defendants.

**RESPONSE**

Plaintiff objects to the request to the extent it is vague, confusing and indefinite concerning the term "commercial team".

.       Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, and to the extent the request is understood and to the extent they have not been previously produced, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 85:

Documents, electronic data, and things evidencing or otherwise concerning communications between Richard Schell and Richard Schell's commercial team relating to the JEX Max product.

**RESPONSE**

Plaintiff objects to the request to the extent it is vague, confusing and indefinite concerning the term "commercial team".

.       Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, and to the extent the request is understood, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 86:

Documents, electronic data, and things evidencing or otherwise concerning communications between Richard Schell and Richard Schell's commercial team relating to any JEX MAX event in Ho Chi Minh City.

**RESPONSE**

Plaintiff objects to this request to the extent it is vague, confusing and indefinite concerning the term "commercial team".

Plaintiff further objects to this request to the extent that it seeks information that is not relevant to the subject matter of this action, is not reasonably calculated to lead to the discovery of admissible evidence, or not proportional to the needs of the case.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, and to the extent the request is understood, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 87:

Documents, electronic data, and things evidencing or otherwise concerning communications between Richard Schell and any Rousselot affiliate relating to any JEX MAX event in Ho Chi Minh City.

**RESPONSE**

Plaintiff further objects to this request to the extent it is vague, confusing and indefinite.

Plaintiff further objects to this request to the extent that it seeks information that is not relevant to the subject matter of this action, is not reasonably calculated to lead to the discovery of admissible evidence, or not proportional to the needs of the case.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, and to the extent the request is understood, Plaintiff will produce responsive, non-privileged documents.

Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Requests for the Production of Documents, Electronic Data and Things

REQUEST FOR PRODUCTION NO. 88:

Documents, electronic data, and things evidencing or otherwise concerning attendance to any JEX MAX event in Ho Chi Minh City, including presentation materials, videos, work material, and drafts.

**RESPONSE**

Plaintiff objects to this request to the extent it is vague, confusing and indefinite.

Plaintiff further objects to this request to the extent that it seeks information that is not relevant to the subject matter of this action, is not reasonably calculated to lead to the discovery of admissible evidence, or not proportional to the needs of the case.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, and to the extent the request is understood, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 89:

Documents, electronic data, and things evidencing or otherwise concerning communications between Richard Schell and Marc Wong relating to the JEX Max product.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to this request to the extent it is vague, confusing and indefinite.

Plaintiff further objects to this request to the extent that it seeks information that is not relevant to the subject matter of this action, is not reasonably calculated to lead to the discovery of admissible evidence, or not proportional to the needs of the case.

Subject to the foregoing objections and General Objections, and to the extent the request is understood, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 90:

Identity of all customers involved in a PEPTAN co-branding program in the United States.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to this request to the extent it is vague, confusing and indefinite as well as burdensome concerning the term "all customers".

Plaintiff further objects to this request to the extent that it seeks information that is not relevant to the subject matter of this action, is not reasonably calculated to lead to the discovery of admissible evidence, or not proportional to the needs of the case.

Subject to the foregoing objections and General Objections, and to the extent the request is understood, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 91:

Documents, electronic data, and things evidencing or otherwise concerning any requirement to participate in a co-branding program in order to use the PEPTAN mark.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to this request to the extent it is vague, confusing and indefinite.

Plaintiff further objects to this request to the extent that it seeks information that is not relevant to the subject matter of this action, is not reasonably calculated to lead to the discovery of admissible evidence, or not proportional to the needs of the case.

Subject to the foregoing objections and General Objections, and to the extent the request is understood, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 92:

Documents, electronic data, and things evidencing or otherwise concerning any registrations of PEPTAN trademarks in Vietnam.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to this request to the extent it is vague, confusing and indefinite.

Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Requests for the Production of Documents, Electronic Data and Things

Plaintiff further objects to this request to the extent that it seeks information that is not relevant to the subject matter of this action, is not reasonably calculated to lead to the discovery of admissible evidence, or not proportional to the needs of the case.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, and to the extent the request is understood, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 93:

Documents, electronic data, and things evidencing or otherwise concerning any oppositions to PEPTAN trademarks in Vietnam.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to this request to the extent it is vague, confusing and indefinite.

Plaintiff further objects to this request to the extent that it seeks information that is not relevant to the subject matter of this action, is not reasonably calculated to lead to the discovery of admissible evidence, or not proportional to the needs of the case.

Subject to the foregoing objections and General Objections, and to the extent the request is understood, Plaintiff will produce responsive, non-privileged documents.

Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Requests for the Production of Documents, Electronic Data and Things

REQUEST FOR PRODUCTION NO. 94:

Documents, electronic data, and things evidencing or otherwise concerning communications between Richard Schell and any Rousselot Marketing Group, organizers, or speakers relating to speaking for any JEX MAX launch event discussed between May 2015 thru *(sic)* December 2015.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to this request to the extent it is vague, confusing and indefinite.

Plaintiff further objects to this request to the extent that it seeks information that is not relevant to the subject matter of this action, is not reasonably calculated to lead to the discovery of admissible evidence, or not proportional to the needs of the case.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, and to the extent the request is understood, Plaintiff will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 95:

Documents, electronic data, and things evidencing or otherwise concerning attendance to any JEX MAX launch event in Ho Chi Minh City, including presentation materials, videos, work material, and drafts.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to this request to the extent it is vague, confusing and indefinite.

Plaintiff further objects to this request to the extent that it seeks information that is not relevant to the subject matter of this action, is not reasonably calculated to lead to the discovery of admissible evidence, or not proportional to the needs of the case.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections and General Objections, and to the extent the request is understood, Plaintiff will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 96:

Documents, electronic data, and things evidencing or otherwise concerning the agreed attendance of Dr. Elke De Clerck to attend any JEX MAX launch event in Ho Chi Minh City, including communications, presentation materials, videos, work material, and drafts.

**RESPONSE**

Plaintiff objects to this request to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to this request to the extent it is vague, confusing and indefinite concerning the term "agreed attendance".

Plaintiff further objects to this request to the extent that it seeks information that is not relevant to the subject matter of this action, is not reasonably calculated to lead to the discovery of admissible evidence, or not proportional to the needs of the case.

Plaintiff further objects to the request to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Plaintiff further objects to the request to the extent it is duplicative of Request No. 95.

Subject to the foregoing objections and General Objections, and to the extent the request is understood, Plaintiff will produce responsive, non-privileged documents.

Dated:       July 19, 2019              ABELMAN, FRAYNE & SCHWAB

By:  /s Ned W. Branthover
Ned W. Branthover
Abelman Frayne Schwab
666 Third Avenue
New York, New York 10017
Tel: (212) 949-9022
Fax: (212) 949-9190
Email:   nwbranthover@lawabel.com

*Attorneys for Plaintiff*
*Rousselot B.V.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of July 2019 a copy of the foregoing was sent via email to the attorneys of record.

/s/ Ned W. Branthover
Ned W. Branthover

Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Requests for the Production of Documents, Electronic Data and Things