# EXHIBIT E

Ned W. Branthover (N.Y. SBN, 1690072)
**ABELMAN, FRAYNE & SCHWAB**
666 Third Avenue, 10th Floor
New York, New York 10017
nwbranthover@lawabel.com
(212) 949-9022

**LEVIN & DICTEROW**
William E. Levin (SBN 104631)
668 N. Coast Highway, Suite 1264
Laguna Beach, CA 92651
William.levin@levinip.com

(949) 613-5131
Attorneys for Plaintiff,
ROUSSELOT B.V.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| **Rousselot B. V.** <br><br> Plaintiff, <br><br> v. <br><br> St. Paul Brands, Inc., Advanced Pharmaceutical Services, Inc., A Q Pharmaceuticals, Inc., Cong ty co phan duoc pham Eco doing business as "ECO PHARMA JOINT STOCK COMPANY (VIETNAM), Dennis Nguyen-duy Ngo, Jimmy Ngo, Mailan Nguyen, Trang D. Nguyen a/k/a Tracy Nguyen, <br><br> Defendants. | **Case No.8:19 cv-00458-DOC-ADS** <br><br> **PLAINTIFF ROUSSELOT B.V.'S RESPONSES TO DEFENDANT A Q PHARMACEUTICALS, INC.'S FIRST SET OF INTERROGATORIES** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Rousselot, B.V. ("Plaintiff") hereby responds to Defendant A Q Pharmaceuticals, Inc.'s ("Defendant A Q") First Set of Interrogatories.

These interrogatories are deemed to be continuing so as to require a prompt supplemental response as stated in Fed. R. Civ. P. 26(e) should Plaintiff obtain or discover any additional information responsive thereto at any time prior to trial.

Plaintiff's responses are made without in any way waiving or intending to waive, but on the contrary, preserving and intending to preserve:

1. All questions of authenticity, relevance, materiality, privilege and admissibility as evidence for any purpose, of the information provided which may arise in any subsequent proceeding in, or the trial of, this or any other action;

2. The right to object to the use of said information at any subsequent proceeding in, or the trial of, this or any other action, or on any other grounds;

3. The right to object on any other ground at any time to other discovery involving said information or the subject matter thereof; and

4. The right to make additions and/or amendments to these responses if further discovery or investigation yields information called for in discovery.

**GENERAL OBJECTIONS**

The following objections apply generally, and are incorporated by reference in the response to each interrogatory where appropriate:

1. Plaintiff objects to Defendant A Q's "INSTRUCTIONS AND DEFINITIONS" and interrogatories to the extent that they call for information or documents protected by the attorney-client privilege or work-product doctrine;

2. Plaintiff objects to Defendant A Q's "INSTRUCTIONS AND DEFINITIONS" and interrogatories to the extent that they seek to impose any obligation or burden on Plaintiff not specifically required by the Federal Rules of

Civil Procedure or the Local Civil Rules of the United States District Court for the Central District of California.

3. Plaintiff objects to Defendant A Q's "INSTRUCTIONS AND DEFINITIONS" and interrogatories to the extent the information or documentation sought is obtainable from sources other than Plaintiff that are more convenient, less burdensome, or less expensive, or is in the possession, custody or control of Defendant A Q or any other Defendant in this proceeding.

4. Plaintiff objects to Defendant A Q's "INSTRUCTIONS AND DEFINITIONS" and interrogatories to the extent that they seek discovery of information or documents or things that are not in Plaintiff's actual possession, custody, or control.

5. Plaintiff objects to Defendant A Q's "INSTRUCTIONS AND DEFINITIONS" and interrogatories to the extent they are vague, indefinite, overly broad, unduly burdensome, or oppressive.

6. Plaintiff objects to Defendant A Q's "INSTRUCTIONS AND DEFINITIONS" and interrogatories to the extent that they call for documents or information generated after the filing of the lawsuit.

7. Plaintiff objects to Defendant A Q's interrogatories to the extent that they are compound and contain multiple sub-parts.

## INTERROGATORIES

INTERROGATORY NO. 1:

State the basis for Plaintiff's contention in paragraph 11 of Plaintiff's First Amended Complaint that a business arrangement was entered into with the intent of selling the JEX Max product "to companies who will resell these infringing PEPTAN products in the United States."

**RESPONSE**

Plaintiff objects to this interrogatory to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the interrogatory to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff has yet to receive and review all of the documents in Defendants' possession and control which may provide further information in this regard. Plaintiff reserves the right to supplement its response to this interrogatory after discovery is completed.

Subject to the foregoing objections, Plaintiff states that Defendant Eco Pharma, on information and belief, is the exclusive purchaser and distributor of Defendant St. Paul Brands' products for resale in Vietnam and elsewhere including those products that, without Plaintiff's authorization, bear Plaintiff's trademark PEPTAN.

Furthermore, on information and belief, Eco Pharma entered into a business arrangement with Defendant St. Paul Brands and the other Defendants with intent of selling Defendants' unauthorized PEPTAN products to companies who will resell these infringing PEPTAN products in the United States. The facts known to date, which establish this allegation, are set forth in Plaintiff's First Amended Complaint (FAC) at ¶¶ 14, 23 – 54, 64 - 67.

**INTERROGATORY NO. 2:**
State the basis for Plaintiff's contention in paragraph 11 of Plaintiff's First Amended Complaint that Eco Pharma "conducts business in Orange County, California and the United States."

**RESPONSE**

Plaintiff objects to this interrogatory to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the interrogatory to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff has yet to receive and review all of the documents in Defendants' possession and control which may provide further information in this regard. Plaintiff reserves the right to supplement its response to this interrogatory after discovery is completed.

Subject to the foregoing objections, Plaintiff states that Defendant Eco Pharma conducts business in Orange County, California and the United States. The facts supporting this contention are set forth in FAC ¶¶ 14, 23 - 54, *e.g.*, Eco Pharma, on information and belief, (i) is the alter ego and agent with the other Defendants, all located in California (hereinafter "California Defendants"), (ii) has business arrangements with the California Defendants; (iii) has registered the Plaintiff's mark PEPTAN in Vietnam; (iv) sells infringing PEPTAN product that is available for purchase in the United States; (v) has a website that is accessible in the United States and links to the St. Paul Brands' website promoting the sale of the infringing JEX PEPTAN MAX product; (vi) allows third parties to sell the infringing JEX PEPTAN MAX products that it acquires from the California Defendants in the United States; and (vii) has control and input into the formulations, the design and labelling of the infringing JEX PEPTAN MAX products manufactured and bottled by the California Defendants in the United States.

**INTERROGATORY NO. 3:**
State the basis for Plaintiff's contention in paragraph 14 of Plaintiff's First Amended Complaint that "all or some defendants acted in concert with, as agent or

1 | representative for, or at the request of, or on behalf of, and/or induced one or more
2 | of the other Defendants, or Individual Defendants" of the allegedly wrongful acts.
3 | **RESPONSE**
4 |     Plaintiff objects to this interrogatory to the extent it seeks information
5 | protected from discovery pursuant to the attorney/client privilege and attorney
6 | work product doctrine.
7 |     Plaintiff further objects to the interrogatory to the extent it is premature.
8 | Discovery in this case is presently ongoing and Plaintiff has yet to receive and
9 | review all of the documents in Defendants' possession and control which may
10 | provide further information in this regard. Plaintiff reserves the right to
11 | supplement its response to this interrogatory after discovery is completed.
12 |     Subject to the foregoing objections, Plaintiff states that all or some
13 | Defendants have acted in concert with, as agent or representative for, or at the
14 | request of, or on behalf of, and/or induced one or more of the other Defendants, or
15 | Individual Defendants of the wrongful acts. The facts supporting this contention
16 | are set forth in FAC ¶¶14, 23 - 54, 64 – 67, *e.g.*, on information and belief the
17 | individual Defendants are all related by family and are personally responsible and
18 | have intentionally committed the tortious acts alleged herein by and through the
19 | corporate Defendants St. Paul Brands, Advanced Pharmaceuticals, A Q
20 | Pharmaceuticals and Eco Pharma; and each individual Defendant, personally
21 | participated in together or separately controlled, directed, or is the alter ego of, or
22 | otherwise connected to, each, or multiple, corporate Defendant(s); the California
23 | corporate Defendants and the individual Defendants made an agreement with
24 | Defendant Eco Pharma to buy and sell the JEX PEPTAN MAX product in
25 | Vietnam in English language packaging and labels in order for third party
26 | companies to sell and ship the JEX PEPTAN MAX product to the United States
27 | and other English speaking countries where Plaintiff has registered the mark
28 | PEPTAN; and Defendant St. Paul Brands' website advertises the infringing JEX

PEPTAN MAX product in the United States and provides a link to Defendant Eco Pharma's website.

INTERROGATORY NO. 4:

State the basis for Plaintiff's contention in paragraph 28 of Plaintiff's First Amended Complaint of a "conspiracy" entered into "to trade on the goodwill and reputation of the PEPTAN trademark in the United States and around the world."

**RESPONSE**

Plaintiff objects to this interrogatory to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the interrogatory to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff has yet to receive and review all of the documents in Defendants' possession and control which may provide further information in this regard. Plaintiff reserves the right to supplement its response to this interrogatory after discovery is completed.

Subject to the foregoing objections, Plaintiff states that the Defendants have conspired to trade on the goodwill and reputation of the PEPTAN trademark in the United States and around the world. The facts supporting this contention are set forth in FAC ¶¶ 14, 23 - 54, 56 – 58, 70 including, *e.g.*, the Defendants are all interrelated, work in concert and are alter egos with each other; Defendant Eco Pharma registered the PEPTAN trademark in Vietnam; Defendants were aware of the existence of the Plaintiff's PEPTAN trademark at the time they sought registration of the PEPTAN mark in Vietnam; Defendants had knowledge of Plaintiff's rights in the PEPTAN mark prior to adopting and using the PEPTAN mark on its JEX PEPTAN MAX goods; the corporate Defendants and the individual Defendants made an agreement with Defendant Eco Pharma to buy and sell the JEX PEPTAN MAX product in Vietnam in English language packaging

and labels in order for third party companies to sell and ship the JEX PEPTAN MAX product in the United States and other English speaking countries where Plaintiff has registered the mark PEPTAN.

INTERROGATORY NO. 5:

State the basis for Plaintiff's contention in paragraph 38 of Plaintiff's First Amended Complaint that the English language labeling and "Made in USA" marking of the JEX Max product is done "purposely" so that the JEX Max product "could be sold in English speaking markets such as the United States."

**RESPONSE**

    Plaintiff objects to this interrogatory to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

    Plaintiff further objects to the interrogatory to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff has yet to receive and review all of the documents in Defendants' possession and control which may provide further information in this regard. Plaintiff reserves the right to supplement its response to this interrogatory after discovery is completed.

    Subject to the foregoing objections, Plaintiff states that the Defendants use English language labeling and "Made in USA" marking on the JEX Max product purposely so that the JEX Max product could be sold in English speaking markets such as the United States. The facts supporting this contention are set forth in FAC ¶¶ 14, 23 - 54, 64 – 67 including, *e.g.*, Defendant Eco Pharma has registered the identical trademark PEPTAN in Vietnam to Plaintiff's U.S. registered PEPTAN trademark; Defendants were aware of the existence of the Plaintiff's PEPTAN trademark at the time they sought registration of the identical mark in Vietnam; Defendants had knowledge of Plaintiff's rights in the PEPTAN mark prior to adopting and using the PEPTAN mark on its JEX PEPTAN MAX goods; the

corporate Defendants and the individual Defendants made an agreement with Defendant Eco Pharma to buy and sell the JEX PEPTAN MAX product in Vietnam in English language packaging and labels in order for third party companies to sell and ship the JEX PEPTAN MAX product to the United States and other English speaking countries where Plaintiff has registered the mark PEPTAN. By promoting and advertising the JEX PEPTAN MAX (including through the use of product images which identify that it is manufactured in the United States and indicating that the product is manufactured in the United States) on their websites that are viewable in the English language and accessible in English speaking countries including the United States, the Defendants intentionally use English language labeling and "Made in USA" marking on the JEX Max product so the JEX Max product could be sold in English speaking markets.

INTERROGATORY NO. 6:
State the basis for Plaintiff's contention in paragraph 41 of Plaintiff's First Amended Complaint of an agreement entered into between the California Corporate Defendants, the Individual Defendants, and Defendant Eco Pharma "to trade on the recognition and good will of the PEPTAN mark."

**RESPONSE**

Plaintiff objects to this interrogatory to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to this interrogatory to the extent it is duplicative of Interrogatory No. 4.

Plaintiff further objects to the interrogatory to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff has yet to receive and review all of the documents in Defendants' possession and control which may

provide further information in this regard. Plaintiff reserves the right to supplement its response to this interrogatory after discovery is completed.

Subject to the foregoing objections, Plaintiff incorporates by reference its response to Interrogatory No. 4 as if fully set forth herein.

**INTERROGATORY NO. 7:**

State the basis for Plaintiff's contention in paragraph 49 of Plaintiff's First Amended Complaint that sales of the JEX Max product via third-party e-commerce sites "were done with the knowledge by all the Defendants."

**RESPONSE**

Plaintiff objects to this interrogatory to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the interrogatory to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff has yet to receive and review all of the documents in Defendants' possession and control which may provide further information in this regard. Plaintiff reserves the right to supplement its response to this interrogatory after discovery is completed.

Subject to the foregoing objections, Plaintiff states that all the Defendants knew that sales of the JEX Max product would be made via third-party e-commerce sites. The facts supporting this contention are set forth in FAC ¶¶14, 23 - 54, 64 – 67 including, *e.g.*, the Defendants are all interrelated and working in concert with each other; Defendant Eco Pharma has registered the PEPTAN trademark in Vietnam which is identical to Plaintiff's U.S. registered PEPTAN trademark; all the Defendants were aware of the existence of the Plaintiff's PEPTAN trademark at the time they sought registration of the identical mark in Vietnam; Defendants had knowledge of Plaintiff's rights in the PEPTAN mark prior to adopting and using the PEPTAN mark on its JEX PEPTAN MAX goods;

the corporate Defendants and the individual Defendants made an agreement with Defendant Eco Pharma to buy and sell the JEX PEPTAN MAX product in Vietnam in English language packaging and labels in order for third party companies to sell and ship the JEX PEPTAN MAX product to the United States and other English speaking countries where Plaintiff has registered the mark PEPTAN. Defendants advertised the JEX PEPTAN MAX product on its websites that can be viewed in the United States to promote the sale of JEX PEPTAN MAX products.

**INTERROGATORY NO. 8:**

State the basis for Plaintiff's contention in paragraph 52 of Plaintiff's First Amended Complaint that "Defendant St. Paul Brands willfully refused to cooperate" with Plaintiff's alleged request that St. Paul Brands "stop using the PEPTAN trademark on its JEX PEPTAN MAX product without Plaintiff Rousselot's consent."

**RESPONSE**

Plaintiff objects to this interrogatory to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the interrogatory to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff has yet to receive and review all of the documents in Defendants' possession and control which may provide further information in this regard. Plaintiff reserves the right to supplement its response to this interrogatory after discovery is completed.

Subject to the foregoing objection, Plaintiff states that the fact that the JEX PEPTAN MAX product at the time of the filing of the FAC was, and as of the present date is <u>still</u>, actively promoted, advertised and offered for sale on Defendant St. Paul Brands' website – well after Plaintiff requested that St. Paul

Brands stop using the PEPTAN trademark on its JEX PEPTAN MAX product – affirmatively establishes St. Paul Brand's willful refusal to cooperate with the Plaintiff's request to stop using the PEPTAN trademark on its JEX PEPTAN MAX product. Plaintiff sent Defendant St. Paul Brands, Inc, a letter on or about February 13, 2017 advising Defendant St. Paul Brands of Plaintiff's rights in the trademark PEPTAN and requesting that it cease and desist all use of the PEPTAN mark. Despite receiving this letter, Defendants continue to make, advertise, ship and sell the infringing JEX PEPTAN MAX products.

**INTERROGATORY NO. 9:**
State the basis for Plaintiff's contention in paragraph 56 of Plaintiff's First Amended Complaint that the alleged activities are "likely to cause confusion."

**RESPONSE**

Plaintiff objects to this interrogatory to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the interrogatory to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff has yet to receive and review all of the documents in Defendants' possession and control which may provide further information in this regard. Plaintiff reserves the right to supplement its response to this interrogatory after discovery is completed.

Subject to the foregoing objections, Plaintiff states that the use of the PEPTAN mark is likely to cause confusion as it will cause consumers to falsely and mistakenly believe that Plaintiff is the source and origin of Defendants' JEX PEPTAN MAX goods The facts supporting this contention are set forth in FAC ¶¶14, 15 - 54, including, *e.g.*, Rousselot is the manufacturer of the world's leading collagen peptides brand PEPTAN which is a unique bioactive protein used in many applications; Rousselot operates the following websites which describe its

PEPTAN business: https://www.rousselot.com/products-solutions/peptancollagen-peptides/ and at: https://www.peptan.com; Rousselot has been advertising, selling and shipping PEPTAN collagen peptides in the United States since 2009 and annual sales are in the tens of millions of dollars; Rousselot owns all rights title and interest in the incontestable United States Trademark PEPTAN, Registration Number 4,047,500, which was issued on November 1, 2011; The PEPTAN Registration is incontestable pursuant to 15 U.S.C. Section §1065; Rousselot owns and has registered the PEPTAN trademark virtually worldwide including in all major English-speaking markets such as Australia, the United Kingdom, Canada as well as the European Union; Rousselot posted on its website a report on scientific research that supports the efficacy of its PEPTAN collagen peptides for joint health; Rousselot conducts a co-branding program with some of its customers for the trademark PEPTAN who use PEPTAN collagen peptides as an ingredient in their products to show consumers that the product contains PEPTAN collagen peptides.

The Plaintiff's rights to the PEPTAN trademark are indisputable. Defendants' acts of usurping Plaintiff's PEPTAN trademark in the manner set forth in the FAC and as described in the responses to the preceding interrogatories herein (which are incorporated by reference) with the knowledge that its JEX PEPTAN MAX product would be sold in the United States, is likely to cause confusion among consumers.

INTERROGATORY NO. 10:
State the basis for Plaintiff's contention in paragraph 57 of Plaintiff's First Amended Complaint that the PEPTAN mark was deliberately adopted and used on the JEX Max product "to trade on the goodwill and recognition of this mark."

**RESPONSE**

Plaintiff objects to this interrogatory to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to this interrogatory to the extent it is duplicative of Interrogatory Nos. 4 and 6.

Plaintiff further objects to the interrogatory to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff has yet to receive and review all of the documents in Defendants' possession and control which may provide further information in this regard. Plaintiff reserves the right to supplement its response to this interrogatory after discovery is completed.

Subject to the foregoing objections, Plaintiff incorporates by reference its response to Interrogatory No. 4 as if fully set forth herein.

**INTERROGATORY NO. 11:**
State the basis for Plaintiff's contention in paragraph 58 of Plaintiff's First Amended Complaint that the use of the PEPTAN mark "is likely to cause consumers to falsely and mistakenly believe that Plaintiff is the source and origin of Defendants' JEX PEPTAN MAX goods."

**RESPONSE**

Plaintiff objects to this interrogatory to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to this interrogatory to the extent it is duplicative of Interrogatory No. 9.

Plaintiff further objects to the interrogatory to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff has yet to receive and review all of the documents in Defendants' possession and control which may

provide further information in this regard. Plaintiff reserves the right to supplement its response to this interrogatory after discovery is completed.

Subject to the foregoing objections, Plaintiff incorporates by reference its response to Interrogatory No. 9 as if fully set forth herein.

Dated: July 19, 2019  ABELMAN, FRAYNE & SCHWAB

By: /s Ned W. Branthover
Ned W. Branthover
Abelman Frayne Schwab
666 Third Avenue
New York, New York 10017
Tel: (212) 949-9022
Fax: (212) 949-9190
Email: nwbranthover@lawabel.com

***Attorneys for Plaintiff
Rousselot B.V.***

## VERIFICATION

I, Mieke Philipsen, affirm and say that I am the Managing Director of Rousselot, B.V. and I have read Plaintiff Rousselot B.V.'s Responses to Defendant A Q Pharmaceuticals, Inc.'s First Set of Interrogatories July 19, 2019, and verify that the contents thereof is true to the best of my present knowledge.

_____
Mieke Philipsen

# CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of July 2019 a copy of the foregoing was sent via email to the attorneys of record.

/s/ Ned W. Branthover
Ned W. Branthover