# EXHIBIT F

Ned W. Branthover (N.Y. SBN, 1690072)
**ABELMAN, FRAYNE & SCHWAB**
666 Third Avenue, 10th Floor
New York, New York 10017
nwbranthover@lawabel.com
(212) 949-9022

**LEVIN & DICTEROW**
William E. Levin (SBN 104631)
668 N. Coast Highway, Suite 1264
Laguna Beach, CA 92651
William.levin@levinip.com

(949) 613-5131
Attorneys for Plaintiff,
ROUSSELOT B.V.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| **Rousselot B. V.**<br><br>Plaintiff,<br><br>v.<br><br>St. Paul Brands, Inc., Advanced Pharmaceutical Services, Inc., A Q Pharmaceuticals, Inc., Cong ty co phan duoc pham Eco doing business as "ECO PHARMA JOINT STOCK COMPANY (VIETNAM), Dennis Nguyen-duy Ngo, Jimmy Ngo, Mailan Nguyen, Trang D. Nguyen a/k/a Tracy Nguyen,<br><br>Defendants. | **Case No.8:19 cv-00458-DOC-ADS**<br><br>**PLAINTIFF ROUSSELOT B.V.'S RESPONSES TO DEFENDANT MAILAN NGUYEN'S FIRST SET OF INTERROGATORIES** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Rousselot, B.V. ("Plaintiff") hereby responds to Defendant Mailan Nguyen's ("Defendant Nguyen") First Set of Interrogatories.

These interrogatories are deemed to be continuing so as to require a prompt supplemental response as stated in Fed. R. Civ. P. 26(e) should Plaintiff obtain or discover any additional information responsive thereto at any time prior to trial.

Plaintiff's responses are made without in any way waiving or intending to waive, but on the contrary, preserving and intending to preserve:

1. All questions of authenticity, relevance, materiality, privilege and admissibility as evidence for any purpose, of the information provided which may arise in any subsequent proceeding in, or the trial of, this or any other action;

2. The right to object to the use of said information at any subsequent proceeding in, or the trial of, this or any other action, or on any other grounds;

3. The right to object on any other ground at any time to other discovery involving said information or the subject matter thereof; and

4. The right to make additions and/or amendments to these responses if further discovery or investigation yields information called for in discovery.

## GENERAL OBJECTIONS

The following objections apply generally, and are incorporated by reference in the response to each interrogatory where appropriate:

1. Plaintiff objects to Defendant Nguyen's "INSTRUCTIONS AND DEFINITIONS" and interrogatories to the extent that they call for information or documents protected by the attorney-client privilege or work-product doctrine;

2. Plaintiff objects to Defendant Nguyen's "INSTRUCTIONS AND DEFINITIONS" and interrogatories to the extent that they seek to impose

any obligation or burden on Plaintiff not specifically required by the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Central District of California.

3.     Plaintiff objects to Defendant Nguyen's "INSTRUCTIONS AND DEFINITIONS" and interrogatories to the extent the information or documentation sought is obtainable from sources other than Plaintiff that are more convenient, less burdensome, or less expensive, or is in the possession, custody or control of Defendant Nguyen or any other Defendant in this proceeding.

4.     Plaintiff objects to Defendant Nguyen's "INSTRUCTIONS AND DEFINITIONS" and interrogatories to the extent that they seek discovery of information or documents or things that are not in Plaintiff's actual possession, custody, or control.

5.     Plaintiff objects to Defendant Nguyen's "INSTRUCTIONS AND DEFINITIONS" and interrogatories to the extent they are vague, indefinite, overly broad, unduly burdensome, or oppressive.

6.     Plaintiff objects to Defendant Nguyen's "INSTRUCTIONS AND DEFINITIONS" and interrogatories to the extent that they call for documents or information generated after the filing of the lawsuit.

7.     Plaintiff objects to Defendant Nguyen's interrogatories to the extent that they are compound and contain multiple sub-parts.

8.     Plaintiff objects to Defendant Nguyen's Interrogatories to the extent they call for information not relevant to a claim or defense of any party, or require a legal conclusion.

## INTERROGATORIES

INTERROGATORY NO. 1:

State the basis for Plaintiff's contention in Plaintiff's First Amended Complaint that Plaintiff has suffered lost sales, and quantify such alleged lost sales.

**RESPONSE:**

1    Plaintiff objects to this interrogatory to the extent it seeks information

2 protected from discovery pursuant to the attorney/client privilege and attorney

3 work product doctrine.

4    Plaintiff further objects to the interrogatory to the extent it is premature.

5 Discovery in this case is presently ongoing and Plaintiff will require information

6 presently in the Defendants' possession to determine the extent of its damages.

7 Plaintiff reserves the right to supplement its response to this request after discovery

8 is completed.

9    Plaintiff further objects to this interrogatory to the extent it calls for expert

10 testimony. Plaintiff has not yet retained a damages expert and reserves the right to

11 supplement this interrogatory thereafter.

12    Subject to the foregoing objections, Plaintiff states that but for Defendants'

13 acts of infringement of the Plaintiff's PEPTAN trademark, through the advertising

14 and sales into the United States of the JEX PEPTAN MAX product, Plaintiff,

15 through it co-branding partners, would have sold additional nutritional

16 supplements containing PEPTAN collagen. Consequently, Plaintiff would have

17 made additional sales of PEPTAN collagen peptides to its co-branding partners. In

18 addition, Defendants' sales of JEX PEPTAN MAX injured the reputation of the

19 PEPTAN mark which also caused damage in terms of loss sales of Plaintiff's

20 PEPTAN collagen peptides.

21

22 INTERROGATORY NO. 2:

23 State the basis for Plaintiff's contention in Plaintiff's First Amended Complaint

24 that Plaintiff has suffered "damage to its reputation."

25 **RESPONSE:**

26    Plaintiff objects to this interrogatory to the extent it seeks information

27 protected from discovery pursuant to the attorney/client privilege and attorney

28 work product doctrine.

Plaintiff further objects to the interrogatory to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff will require information presently in the Defendants' possession to determine the extent of its damages. Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Subject to the foregoing objections, Plaintiff states that the amount of PEPTAN collagen in Defendants' JEX PEPTAN MAX product is an insufficient dosage for efficacy for the relief of joint pain. As the insufficient dose impacts the efficacy of the JEX PEPTAN MAX product, consumers will associate PEPTAN as a product that is ineffective and inferior to other collagen based products on the market, thereby damaging Plaintiff's good will and reputation among consumers.

INTERROGATORY NO. 3:

State the basis for Plaintiff's contention in paragraph 61 of Plaintiff's First Amended Complaint that "Defendants are passing off their JEX PEPTAN MAX goods as goods made by Plaintiff."

**RESPONSE:**

Plaintiff objects to this interrogatory to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the interrogatory to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff will require information presently in the Defendants' possession and control which may provide further information in this regard. Plaintiff reserves the right to supplement its response to this request after discovery is completed.

Plaintiff further objects to this interrogatory to the extent it calls for expert testimony. Plaintiff has not yet retained a damages expert and reserves the right to supplement this interrogatory thereafter.

1    Subject to the foregoing objections, Plaintiff states that Defendants are

2 passing off their JEX PEPTAN MAX goods as goods made by Plaintiff. The facts

3 supporting this contention are set forth in its First Amended Complaint ("FAC") at

4 ¶¶ 14, 23 - 54, 57 – 58, and 61 including, *e.g.*, that Defendants' have made used,

5 offered for sale and sold the JEX PEPTAN MAX product the bears Plaintiff's

6 PEPTAN mark without Plaintiff's consent; Defendants were aware of the existence

7 of the Plaintiff's PEPTAN trademark at the time they sought registration of the

8 identical mark in Vietnam; Defendants had knowledge of Plaintiff's rights in the

9 PEPTAN mark prior to adopting and using the PEPTAN mark on its JEX PEPTAN

10 MAX goods; Defendants were aware of the existence of the Plaintiff's PEPTAN

11 trademark at the time they sought registration of the identical mark in Vietnam;

12 and Defendants had knowledge of Plaintiff's rights in the PEPTAN mark prior to

13 adopting and using the PEPTAN mark on its JEX PEPTAN MAX goods.

14

15 INTERROGATORY NO. 4:

16 State the basis for Plaintiff's contention in paragraph 65 of Plaintiff's First

17 Amended Complaint of a "conspiracy to infringe the PEPTAN mark by attempting

18 to use Vietnam as a safe haven to sell the infringing JEX PEPTAN MAX product."

19 **RESPONSE:**

20    Plaintiff objects to this interrogatory to the extent it seeks information

21 protected from discovery pursuant to the attorney/client privilege and attorney

22 work product doctrine.

23    Plaintiff further objects to the interrogatory to the extent it is premature.

24 Discovery in this case is presently ongoing and Plaintiff has yet to receive and

25 review all of the documents in Defendants' possession and control which may

26 provide further information in this regard. Plaintiff reserves the right to

27 supplement its response to this interrogatory after discovery is completed.

28

Plaintiff Rousselot B.V.'s Responses to Defendant Mailan Nguyen's First Set of Interrogaatories

Subject to the foregoing objections, Plaintiff states that the Defendants have entered into a conspiracy to infringe the PEPTAN mark by attempting to use Vietnam as a safe haven to sell the infringing JEX PEPTAN MAX product. The facts supporting this contention are set forth in FAC ¶¶ 14, 23 - 54, including, *e.g.*, the Defendants are all interrelated and alter egos and working in concert with each other; Defendant Eco Pharma intentionally registered the PEPTAN trademark in Vietnam which is identical to Plaintiff's U.S. registered PEPTAN trademark; Defendants were aware of the existence of the Plaintiff's PEPTAN trademark at the time they sought registration of the identical mark in Vietnam; Defendants had knowledge of Plaintiff's rights in the PEPTAN mark prior to adopting and using the PEPTAN mark on its JEX PEPTAN MAX goods; the corporate Defendants and the individual Defendants made an agreement with Defendant Eco Pharma to buy and sell the JEX PEPTAN MAX product in Vietnam in English language packaging and labels in order for third party companies to sell and ship the JEX PEPTAN MAX product to the United States and other English speaking countries where Plaintiff has registered the mark PEPTAN.

INTERROGATORY NO. 5:

State the basis for Plaintiff's contention in paragraph 65 of Plaintiff's First Amended Complaint that Defendants were "knowing and inducing others to re-sell these JEX PEPTAN MAX products in the United States and other countries where Plaintiff Rousselot owns the trademark PEPTAN."

**RESPONSE:**

Plaintiff objects to this interrogatory to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the interrogatory to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff has yet to receive and

review all of the documents in Defendants' possession and control which may provide further information in this regard. Plaintiff reserves the right to supplement its response to this interrogatory after discovery is completed.

Subject to the foregoing objections, Plaintiff states that all or some Defendants are alter egos and have acted in concert with, as agent or representative for, or at the request of, or on behalf of, and/or induced one or more of the other Defendants, or Individual Defendants of the wrongful acts. The facts supporting this contention are set forth in FAC ¶¶ 14, 23 – 54 and 64, *e.g.*, on information and belief the individual Defendants are all related by family and are personally responsible and have intentionally committed the tortious acts alleged herein by and through the corporate Defendants St. Paul Brands, Advanced Pharmaceuticals, A Q Pharmaceuticals and Eco Pharma; and each individual Defendant, personally participated in together or separately controlled, directed, or is the alter ego of, or otherwise connected to, each, or multiple, corporate Defendant(s); the California corporate Defendants and the individual Defendants made an agreement with Defendant Eco Pharma to buy and sell the JEX PEPTAN MAX product in Vietnam in English language packaging and labels in order for third party companies to sell and ship the JEX PEPTAN MAX product to the United States and other English speaking countries where Plaintiff has registered the mark PEPTAN; Defendant St. Paul Brands' website provides a link to Defendant Eco Pharma's website; and the Defendants have knowledge of various e-commerce websites that advertise, offer for sale and sell the infringing JEX PEPTAN MAX products in the United States and around the world.

INTERROGATORY NO. 6:

State the basis for Plaintiff's contention in paragraph 66 of Plaintiff's First Amended Complaint that sales of the JEX Max product in the United States were materially "encouraged."

**RESPONSE:**

Plaintiff objects to this interrogatory to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the interrogatory to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff has yet to receive and review all of the documents in Defendants' possession and control which may provide further information in this regard. Plaintiff reserves the right to supplement its response to this interrogatory after discovery is completed.

Subject to the foregoing objections, Plaintiff states that sales of the JEX Max product in the United States were materially encouraged by the Defendants. The facts supporting this contention are set forth in FAC ¶¶ 14, 23 – 54 and 64 – 67; e.g., Defendants have manufactured the JEX PEPTAN MAX product in the United States and used Vietnam as a safe haven to sell the infringing product knowing that others would re-sell these infringing products back into the United States; Defendants designed the labeling for the JEX PEPTAN MAX product using English and with the marking "Made in the USA" in order to facilitate re-sale of these products in English speaking markets where Plaintiff owns the PEPTAN trademark; Defendants have advertised the JEX PEPTAN MAX products on their websites in the English language; Defendants had and have knowledge of e-commerce website advertising, offering for sale and selling the infringing JEX PEPTAN MAX product while knowing and inducing others to re-sell these JEX PEPTAN MAX products in the United States and other countries where Plaintiff owns the PEPTAN trademark.

INTERROGATORY NO. 7:

State the basis for Plaintiff's contention in paragraph 66 of Plaintiff's First Amended Complaint that sales of the JEX Max product in the United States were materially "enabled."

**RESPONSE:**

Plaintiff objects to this interrogatory to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the interrogatory to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff has yet to receive and review all of the documents in Defendants' possession and control which may provide further information in this regard.   Plaintiff reserves the right to supplement its response to this interrogatory after discovery is completed.

Plaintiff objects to this request to the extent it is duplicative of Interrogatory No. 6.

Subject to the foregoing objections, Plaintiff states that sales of the JEX Max product in the United States were materially enabled by the Defendants.  The facts supporting this contention are set forth in FAC ¶¶ 14, 23 – 54 and 64 – 67.

Plaintiff incorporates by reference its response to Interrogatory No. 6 as if fully set forth herein.

INTERROGATORY NO. 8:

State the basis for Plaintiff's contention in paragraph 66 of Plaintiff's First Amended Complaint that sales of the JEX Max product in the United States were materially "contributed to."

**RESPONSE:**

Plaintiff objects to this interrogatory to the extent it seeks information protected from discovery pursuant to the attorney/client privilege and attorney work product doctrine.

Plaintiff further objects to the interrogatory to the extent it is premature. Discovery in this case is presently ongoing and Plaintiff has yet to receive and review all of the documents in Defendants' possession and control which may provide further information in this regard. Plaintiff reserves the right to supplement its response to this interrogatory after discovery is completed.

Plaintiff objects to this request to the extent it is duplicative of Interrogatory Nos. 6 and 7.

Subject to the foregoing objections, Plaintiff states that sales of the JEX Max product in the United States were materially contributed to by the Defendants. The facts supporting this contention are set forth in FAC ¶¶ 14, 23 – 54 and 64 – 67.

Plaintiff incorporates by reference its response to Interrogatory No. 6 and 7 as if fully set forth herein.

INTERROGATORY NO. 9:

Identify any finished products sold by Plaintiff in the United States that contain PEPTAN, including but not limited to any nutritional supplements that contain PEPTAN.

**RESPONSE:**

Plaintiff objects to this interrogatory to the extent it is vague, confusing and indefinite concerning the term "finished product".

Plaintiff further objects to this request to the extent that it seeks information that is not relevant to the subject matter of this action, is not reasonably calculated to lead to the discovery of admissible evidence, or not proportional to the needs of the case.

1    Subject to the foregoing objections, and to the extent the interrogatory is
2    understood, Plaintiff states that it sells PEPTAN branded porcine, bovine and fish
3    collagen peptides. These peptides are sold to purchasers who use them for a
4    variety of applications.

5

6    Dated:      July 19, 2019            ABELMAN, FRAYNE & SCHWAB

7
                                         By:  /s Ned W. Branthover
8                                            Ned W. Branthover
9                                            Abelman Frayne Schwab
                                             666 Third Avenue
10                                           New York, New York 10017
11                                           Tel: (212) 949-9022
                                             Fax: (212) 949-9190
12                                           Email:  nwbranthover@lawabel.com

13
14                                       *Attorneys for Plaintiff*
                                         *Rousselot B.V.*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Rousselot B.V.'s Responses to Defendant Mailan Nguyen's First Set of Interrogaatories

## **VERIFICATION**

I, Mieke Philipsen, affirm and say that I am the Managing Director of Rousselot, B.V. and I have read Plaintiff Rousselot B.V.'s Responses to Defendant Mailan Nguyen's First Set of Interrogatories and verify that the contents thereof is true to the best of my present knowledge.

Dated: July 19, 2019

1

## CERTIFICATE OF SERVICE

2

3      I hereby certify that on this 19th day of July 2019 a copy of the foregoing

4    was sent via email to the attorneys of record.

5

6                                                          /s/ Ned W. Branthover
                                                          Ned W. Branthover
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Rousselot B.V.'s Responses to Defendant Mailan Nguyen's First Set of Interrogaatories