# EXHIBIT G

LAW OFFICES
*Stetina Brunda Garred & Brucker*
A PROFESSIONAL CORPORATION
PATENT  TRADEMARK  COPYRIGHT AND UNFAIR COMPETITION CAUSES

75 ENTERPRISE  SUITE 250
ALISO VIEJO  CALIFORNIA 92656

KIT M. STETINA
BRUCE B. BRUNDA (Ret.)
WILLIAM J. BRUCKER
MARK B. GARRED
MATTHEW A. NEWBOLES
ERIC L. TANEZAKI
LOWELL ANDERSON
SHUNSUKE S. SUMITANI
MICHAEL J. ZINGALE

GREGORY K. CLARKSON
STEPHEN M. HAMON

TELEPHONE           (949) 855-1246
FACSIMILE I         (949) 855-6371
FACSIMILE II        (949) 716-8197
www.stetinalaw.com
Writer's Direct E-mail:
gclarkson@stetinalaw.com

July 23, 2019

Ned W. Branthover                                          **VIA E-MAIL ONLY**
Abelman Frayne Schwab                                      nwbranthover@lawabel.com
666 Third Avenue
New York, NY 10017

RE:   *Rousselot B.V. v. St. Paul Brands, et al.*
      Case No. 8:19-CV-00458
      In the Central District of California

Mr. Branthover:

The discovery responses you provided to us on July 19, 2019 are inadequate and nonresponsive to our discovery requests, especially in view of the seven-day extension of time we granted to respond to our requests.

In response to every single document request and interrogatory, you asserted what appear to be "boilerplate" objections on the basis of attorney-client privilege, attorney work product, and/or that our requests are "premature." All but a handful of these objections are improper and do not comply with Rule 33(b)(4), which requires that "the grounds for objecting to an interrogatory must be stated with specificity" and Rule 34(b)(2)(B), which requires that a party responding to a production request much "state with specificity the grounds for objecting to the request, including the reasons." "Boilerplate objections of any type are improper in federal court." *Aecom Energy & Constr., Inc. v. Ripley*, 2018 U.S. Dist. LEXIS 224110 at *17 (C.D. Cal 2018); citing *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal 2006).

For each objection based on an interrogatory or request for production being "premature," you are required to specify the reason why, and to what extent the request is supposedly premature. Except for your responses to the portions of Interrogatories No. 1-3 of Malian Nguyen concerning quantification of damages, none of the objections based on a request being "premature" contain any explanation as to how that request (or any portion thereof) is supposedly premature. Our requests were propounded during the time specified by Rule 26 for discovery, and the Court has implemented no limitations on the sequence of discovery. Rather, the Court has made clear that discovery must proceed quickly.

July 23, 2019
Page 2

      Your responses to our requests for production also do not comply with Rule 34(b)2(C), which requires that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." None of your objections state whether any responsive materials have or have not been withheld on the basis of that objection.

      To the extent that you have withheld responsive materials on the basis of an attorney-client privilege or attorney work product objection, you also have not produced to us a privilege log which would permit us to evaluate the propriety of those objections. An objection based on privilege without providing a log or list of the withheld documents is deficient.

      With respect to the minimal number of documents that were produced, your production also fails to comply with FRCP 34(b)(2)(E)(1) as the documents are not organized or labeled to correspond to the categories of our requests. You must identify which of your produced documents are responsive to each specific document request.

      Please make yourself available in the next two days to hold a telephonic meet and confer on these issues, where we will attempt to make a good faith effort to resolve differences prior to the filing of a letter brief with the Special Master whereby we will move to compel your client to supplement its responses.

      Sincerely,

      STETINA BRUNDA GARRED & BRUCKER

      Gregory K. Clarkson